HOLBROOK GROCERY COMPANY *v.* COMMISSIONER OF TAXES.

(57 A2d 118)

January Term, 1948.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed February 3, 1948.

276

*Osmer C. Fitts* and *Robert T. Gannett II* for the plaintiff.

*Clifton G. Parker,* Attorney General, and *Frederick G. Mehlman,* Deputy Attorney General, for the defendant

MOULTON, C. J.    This cause is here on appellant's exceptions to the pro forma ruling of the Washington County Court sustaining a demurrer to a petition for an appeal to that court from the refusal

of the Commissioner of Taxes to grant a license as a wholesale dealer in cigarettes, and to sell cigarette tax stamps to the appellant.

The petition alleges that the appellant is a corporation, organized and existing under and by virtue of the laws of the State of New Hampshire, with a principal place of business in the city of Keene, in that State. Its principal business is the sale and distribution at wholesale of groceries, food products, tobacco products, and other like merchandize. It maintains warehouses and distribution points in Keene and Woodsville, New Hampshire, from whence it distributes merchandize by its own trucks, public carriers or contract carriers to retailers in New Hampshire and Vermont. It maintains no warehouse or distribution point in Vermont, and all shipments made on account of orders received by it from retailers in Vermont, and all sales by it to such retailers, are made by delivery directly from points outside the State. In order for it to sell and distribute, by means of interstate commerce, cigarettes to licensed retail dealers within the State of Vermont, it is necessary, because of competition with wholesalers licensed under the provisions of No. 35 Acts of 1939, as amended, for the appellant to acquire and affix to cigarettes so sold and distributed the tax stamps required by the Act just mentioned. The appellant applied to the Commissioner of Taxes for a license as a wholesale dealer, pursuant to the Act, together with the required fee, but the Commissioner refused to issue the license because the appellant had not received a certificate of authority from the Commissioner of Foreign Corporations. The appellant also tendered to the defendant the sum of $50. and demanded cigarette stamps to that amount, but these were refused, and the tendered funds returned.

The relief sought by the appeal from the above rulings is that it may be adjudged (1) that the business of the appellant in the distribution and sale of cigarettes is interstate commerce; (2) that the refusal of the Commissioner of Taxes to license the appellant as a wholesale dealer, or to sell it cigarette tax stamps is an unconstitutional interference with interstate commerce; (3) that the appellant is entitled to be licensed as a wholesale dealer; and (4) that it is entitled to purchase cigarette tax stamps.

The demurrer is based upon several grounds, but the only one of these that it is necessary to consider is that, upon the facts alleged in the petition for an appeal, the County Court is without jurisdiction to grant the prayer for relief, under the provisions of

the statute governing the procedure for appeals from the decisions of the Commissioner of Taxes with regard to questions concerning the taxation of cigarettes.

The appeal is predicated upon the provisions of § 17, No. 35 Acts of 1939, which so far as material to the issues here involved, is as follows:

"Any person aggrieved because of any action or decision of the Commissioner under the provisions of this act may appeal therefrom to the County Court of the County in which such person resides . . . such court may grant such relief as may be equitable and may order the treasurer to pay the amount of such relief, with interest at the rate of six per cent per annum, to the aggrieved taxpayer." By § 1 of the Act, the word "person" includes a corporation.

▮▮ Unless expressly forbidden, a foreign corporation is entitled under principles of comity to access to the courts of this State, *Siwooganock Guaranty Sav. Bank* v. *Cushman,* 109 Vt 221, 247, 195 A 260; and the denial of this right may, under certain circumstances, result in an unconstitutional restraint upon interstate commerce. *Aetna Chemical Co.* v. *Spaulding and Kimball Co.,* 98 Vt 51, 66, 126 A 582; *Kinnear and Gager Mfg. Co.* v. *Miner,* 89 Vt 572, 576, 96 A 333; *Livingston Mfg. Co.* v. *Rizzi Bros.,* 86 Vt 419, 424-5, 85 A 912. Of course such corporation must conform to the statutory requirements for procedure which obtain in this jurisdiction, and which do not arbitrarily subject it to burdensome requirements because of its origin, having no reasonable support in that fact, and are not laid on other suitors in like situation. *Kentucky Finance Co.* v. *Paramount Auto Exchange Corp.,* 262 US 544, 551, 43 S Ct 636, 639, 57 L ed 1112.

▮ Although a taxing statute is not to be extended by implication beyond the clear import of the language used, and doubts are to be resolved against the taxing power, the real meaning and purpose of the Legislature is to be sought after and, if disclosed by a fair and reasonable construction, it is to be given effect. *Union Twist Drill Co.* v. *Harvey, Comm'r.,* 113 Vt 493, 502, 37 A2d 389; *First National Bank* v. *Harvey, Comm'r.,* 111 Vt 281, 292, 16 A2d 184; *In re Fulham's Est.,* 96 Vt 308, 314, 119 A 433. Such legislative intention is to be ascertained, not from the literal sense of the words used but from a consideration of the whole and every part of the statute, the subject matter, the effects and consequences,

and the reason and spirit of the law. *Central Vt. Ry.* v. *Campbell,* 108 Vt 510, 524, 192 A 197, 111 ALR 175. Moreover any statute must be construed, if fairly possible, so as to avoid not only the conclusion that it is unconstitutional, but also grave doubt upon that score. *United States* v. *LaFranca,* 282 US 568, 574, 51 S Ct 278, 281, 75 L ed 551; *State* v. *Clement Nat. Bk.,* 84 Vt 167, 200, 78 A 944, Ann Cas 1912D 22; *Central Vt. Ry.* v. *Campbell, supra,* and other cases therein cited.

It will be necessary briefly to review the pertinent provisions of No. 35, Acts of 1939. By § 2 thereof it is required that each wholesale or retail dealer engaged in the business of selling cigarettes in this state shall secure a license from the Commissioner of taxes, and that such license shall be issued by the Commissioner on application, presented on a prescribed form. § 3 treats of the cancellation of a license when the business with respect to which it was issued has been sold or transferred, the issuance of a new license where the place of a retail business has been removed to another address, and the renewal of a license after expiration. § 4 provides for the revocation or suspension of a license by the Commissioner, and for a hearing by the Commissioner as provided in § 16, on application of the person aggrieved, who may further appeal as provided in § 17. § 5 imposes a tax on all cigarettes held by any person for sale in this State, the payment thereof to be evidenced by the affixing of stamps to the packages containing the cigarettes. § 6 makes it the duty of the Commissioner to secure such stamps and sell them to licensed wholesale and licensed retail dealers. §§ 7, 8 and 9 deal with the redemption of unused stamps, and the duty of the licensed dealers to affix them to the packages of cigarettes. § 10 forbids the sales of unstamped packages and imposes a penalty for so doing. § 11 provides for the seizure of unstamped packages and their sale, subject to the payment of the tax, by the Commissioner. § 12 provides that any person claiming an interest in cigarettes which have been seized, who has not previously been heard or who has waived hearing, may make written application to the Commissioner for a hearing, and that proceedings on such application "shall be taken as provided in §§ 16 and 17 of this act." § 15 gives the Commissioner and his authorized agents the power to administer oaths and take testimony under oath relative to the matter of inquiry or investigation, to issue subpoenas and to require the production of pertinent books, papers and documents. By § 16, "Any

person aggrieved by any action under this act of the Commissioner or his authorized agent for which hearing is not elsewhere provided may apply to the Commissioner in writing, within ten days after the notice of such action is delivered or mailed to him, for a hearing setting forth the reasons why such hearing should be granted and the manner of relief sought. The Commissioner shall promptly consider each such application and may grant or deny the hearing requested. If the hearing be denied, the applicant shall be notified forthwith; if it be granted, the Commissioner shall notify the applicant of the time and place fixed for such hearing. After such hearing, the Commissioner may make such order in the premises as may appear to him just and lawful and shall furnish a copy of such order to the applicant. . . ." The material provisions of § 17, which allow an appeal, have already been quoted in this opinion and need not be repeated here.

As we have seen, § 17 provides that an aggrieved person may appeal to the County Court for the county in which he resides. The appellant has no county of residence in this State, and has brought its petition to the County Court for Washington County, wherein the appellee resides, and has his office as Commissioner of Taxes. In support of the demurrer it is argued that an appeal is available under the statute only to residents of this State. The appellant's position is that the words "may appeal, etc." are permissive, and that, in the case of a non-resident the provisions of P. L. 1565, prescribing the venue in actions in the County Courts, apply and the appeal has been properly brought to the County Court of the County of the appellee's residence.

██ P. L. 909 provides that an appeal from a determination of the Commissioner of Taxes upon an application for revision of a tax assessed under the statutes relating to income and franchise taxes may be reviewed, upon petition, by the County Court for Washington County, or by the County Court of the County in which the taxpayer resides, if a resident of this State, thus granting the right of appeal to a non-resident. Since both this statute and § 17 of No. 35 of the Acts of 1939 concern appeals from the rulings of the Commissioner, they are sufficiently cognate to be in pari materia, hence are to be construed with reference to each other as parts of one system. See In re Swanton Market Area, 112 Vt 285, 292, 23 A2d 536; Doubleday v. Town of Stockbridge, 109 Vt 167, 171-2, 194 A 462; Siwooganock Guaranty Savs. Bk. v. Cushman,

*supra*; *Belfore* v. *Vermont State Highway Dpt.*, 108 Vt 396, 400, 187 A 797; *Grand Lodge of Vermont* v. *City of Burlington*, 104 Vt 515, 519, 162 A 368. We adopt the interpretation of § 17 for which the appellant contends, and hold that the phrase "may appeal to the County Court of the County in which such (aggrieved) person resides" is permissive and does not preclude recourse to the County Court of the County wherein the Commissioner resides and has his office. It is not to be supposed that it was the legislative purpose that an appeal should be allowed to a non-resident under P. L. 909, but denied under § 17 of the Act of 1939. The result of the construction which the appellee insists should be placed upon the latter section would be an arbitrary discrimination against the appellant merely because it is a non-resident, imposing upon it a burden not required of resident individuals and corporations and, to say the least, would raise grave doubt of its constitutionality. In fact, the argument that only residents can appeal is refuted by § 12 of the Act, by which the right is given to any person, not necessarily a resident, who claims an interest in seized cigarettes.

It is also claimed that the appellant is not a "person aggrieved." But in statutes relating to the right to appeal this phrase is construed to mean one whose pecuniary interest is directly affected by the adjudication. *State* v. *Central Vermont Ry. Co.*, 81 Vt 459, 461. It sufficiently appears, by the allegations of the petition, that the appellant comes within this category.

Again, it is contended that the only relief that can be given on appeal is monetary. But by a fair construction of the statute remedial or corrective relief can be granted also. The language "any action or decision of the Commissioner" from which an appeal is allowed is comprehensive and is not confined to such grievances as can be compensated by an order for the payment of money. Indeed, under §§ 4 and 12 providing for an appeal in cases involving the suspension and revocation of licenses and claim of parties interested in seized cigarettes, a monetary award is not necessarily to be given. The same may be said of disputes arising under § 3.

It remains to consider whether, in other respects, the petition for an appeal is sufficient to give the County Court jurisdiction of the controversy. This entails an inquiry whether an application for a hearing before the Commissioner with a determination by him with regard to it is a necessary preliminary step to be taken before an appeal will lie.

Although the only sections which specifically provide for a hearing are § 4 and § 12, and both refer, for the procedure to be followed, to §§ 16 and 17, § 16 extends the right to apply for a hearing upon any action of the Commissioner or his authorized agent for which a hearing is not elsewhere provided. We consider the intent of the statute to be that such an application, followed by a determination by the Commissioner as to its sufficiency, or his decision upon the case presented on hearing, is prerequisite to the taking of an appeal under § 17, as it is under §§ 4 and 12. The purpose of the Legislature, as shown by the entire act, was to provide a uniform method of review, and the phrase in § 17 "any action or decision of the Commissioner" must be taken to refer to his action or decision after proceedings have been had as prescribed by § 16. The requirements of a valid appeal are statutory and the jurisdiction of the court to which the appeal is taken depends upon a compliance therewith and cannot be conferred by agreement or waiver express or implied. *Roddy* v. *Est. of Fitzgerald,* 113 Vt 472, 476, 35 A2d 668, and cas. cit. Such compliance must be strict. *Pote* v. *Federal Radio Commission* (D. C. Cr. of App.) 67 F2d 509, 510, cert. den. 290 US 680, 54 S Ct 103, 78 L ed 586. § 17 cannot be used to by-pass the requirements of the preceding section.

The petition for appeal in the present case contains nothing to show that recourse has been had to the provisions of § 16 by way of a written application for a hearing and an action or decision by the Commissioner in pursuance to such application. In the absence of these proceedings the refusal of the Commissioner to grant a license, or to sell stamps, are not actions from which an appeal can be taken. There is no discrimination against the appellant and no burden placed upon it that is not borne equally by any individual or domestic corporation in a like situation. The petition, since it fails to allege facts which confer jurisdiction upon the County Court, is insufficient and demurrable.

· We express no opinion concerning the validity of the Commissioner's action, as to which the appellant complains. The decision of that question must come when the matter is properly presented, after an appeal in accordance with the statute.

*The pro forma ruling sustaining the demurrer is affirmed and the appeal is dismissed.*