### Peter F. Langrock and William S. Rule v. Department of Taxes

[423 A.2d 838]

No. 97-80

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed November 5, 1980

*Langrock Sperry Parker & Stahl,* Middlebury, for Plaintiffs.

*M. Jerome Diamond,* Attorney General, and *Edwin L. Hobson,* Assistant Attorney General, Montpelier, for Defendant.

**Per Curiam.** This appeal involves the proper method for assessing the Vermont land gains tax. 32 V.S.A. § 10003. Appellant sold approximately four acres of land he had held between four and five years. Interpreting the tax rates as if they were marginal rates, appellant filed a return of $567.00. The Department of Taxes, using flat rates, found a deficiency of $190.71. The Commissioner of Taxes upheld the deficiency

assessment. From an Addison Superior Court decision affirming the Commissioner, taxpayer appeals. We reverse.

The land gains tax is a graduated tax designed to deter short-term, high-profit transactions. *Andrews* v. *Lathrop*, 132 Vt. 256, 261, 315 A.2d 860, 864 (1974). It is imposed, in addition to other taxes established under Title 32, on the gain derived from the sale or exchange of land held by the transferor less than six years. The rate of the tax is proportional to the percentage of gain and in inverse proportion to the holding period.

The issue is whether the statute creates marginal rates for gain or whether, when a gain reaches into a next higher rate bracket, it raises the tax on the entire amount. We are without legislative history to help decide the issue.

The Department of Taxes argues that 32 V.S.A. § 10003 unambiguously creates a flat rate and, citing *In re Middlebury College Sales & Use Tax*, 137 Vt. 28, 31, 400 A.2d 965, 967 (1979), states that the statute must be interpreted according to its plain language.

32 V.S.A. § 10003 provides as follows:

The tax imposed by section 10001 of this title shall be based upon the years held at the following rates on the gain, as gain is determined under section 10005 of this title:

| Years land held by transferor | *Gain, as a percentage of basis (tax cost) | | |
|---|---|---|---|
| | 0–99% | 100–199% | 200% or more |
| Less than 1 year | 30% | 45% | 60% |
| 1 year, but less than 2 | 25% | 37.5% | 50% |
| 2 years, but less than 3 | 20% | 30% | 40% |
| 3 years, but less than 4 | 15% | 22.5% | 30% |
| 4 years, but less than 5 | 10% | 15% | 20% |
| 5 years, but less than 6 | 5% | 7.5% | 10% |

*Gain, as percent of basis, shall be rounded to the next highest whole percentage.

██ While it is true that where the meaning of a statute is plain it must be interpreted accordingly, *id.*, if doubts exist "the real meaning and purpose of the Legislature is to be sought after and, if disclosed by a fair and reasonable construction, it is to be given effect." *Holbrook Grocery Co.* v. *Commissioner of Taxes,* 115 Vt. 275, 278, 57 A.2d 118, 120 (1948). The intent should be gathered from "a consideration of the whole and every part of the statute, the subject matter, the effects and consequences, and the reason and spirit of the law." *Id.*, 115 Vt. at 278–79, 57 A.2d at 120.

This clearly is an example of insufficient legislative drafting. A scheme incorporating graduated rates should clearly indicate the calculations to be employed. In addition, it is difficult to believe that the Legislature meant to create a flat rate which allows a taxpayer to escape paying significant taxes merely by selling land for $10.00 below a tax bracket rather than $10.00 above.[1] It is also a well-stated rule of law that in construing an ambiguous statute doubts are to be resolved against the taxing power and in favor of the taxpayer. *Portland Pipe Line Corp.* v. *Morrison,* 118 Vt. 417, 420, 110 A.2d 700, 701 (1955).

██ We choose to find both in favor of the taxpayer and in favor of logic. Calculating the land gains tax using a marginal rate does not defeat the purpose of the act. It will still serve to deter high-profit, short-term land deals. At the same time, the harsh and often illogical results of a flat rate calculation will be averted.

*Judgment reversed.*

---

[1]

| SITUATION A | | SITUATION B | |
|---|---|---|---|
| Basis | $1,000.00 | Basis | $1,000.00 |
| Selling price after an 11 month holding period | 1,990.00 | Selling price after an 11 month holding period | 2,010.00 |
| Tax as a percentage of gain | 30% | Tax as a percentage of gain | 45% |
| Tax | 297.00 | Tax | 454.50 |
| NET on transaction | 693.00 | NET on transaction | 545.50 |