# Cynthia Bedford, et al. d/b/a Sugarbush Village Real Estate v. Vermont Department of Taxes

[505 A.2d 658]

No. 84-192

Present: **Allen, C.J., Hill, Peck, Gibson and Hayes, JJ.**

Opinion Filed November 27, 1985

*Samuel C. FitzPatrick*, Montpelier, for Plaintiffs-Appellants.

*Jeffrey L. Amestoy*, Attorney General, and *Elizabeth Dennis Anderson*, Assistant Attorney General, Montpelier, for Defendant-Appellee.

**Hayes, J.** This is an appeal by Cynthia Bedford and others (taxpayers) from a judgment of the trial court affirming a determination by the Commissioner of Taxes that booking fees and cancellation fees, received by taxpayers for the rental of condominium units, are subject to the Meals and Rooms Tax, 32 V.S.A. §§ 9201-9281.

Taxpayers contend, first, that a privately-owned condominium unit cannot be considered a "hotel" within the meaning of 32 V.S.A. § 9202(3), and second, that booking fees and cancellation deposits do not constitute consideration for the "occupancy" of condominium units under the terms of 32 V.S.A. §§ 9202(6), (8) and § 9241. We disagree and affirm.

The uncontroverted facts of this case are as follows. Taxpayers conducted a business under the name of Sugarbush Village Real Estate. A portion of the business involved the taxpayers acting as agents for individual owners of condominium units. In this capacity, taxpayers publicly offered for lease privately-owned condominium units for short-term time periods. When a lessee cancelled his lease prior to occupancy, he forfeited some or all of the cancellation deposit, depending on the length of time remaining before occupancy and whether the taxpayer succeeded in finding a new lessee. If the lessee cancelled more than twenty-one days before occupancy, he was refunded all but twenty-five dollars of his cancellation deposit. The twenty-five dollars was kept by the taxpayer as a "booking fee." If the lessee cancelled within twenty-one days prior to occupancy, he was refunded his cancellation deposit (less the twenty-five dollar booking fee) if the owner or the taxpayer leased the condominium to another person. However, the lessee forfeited the full amount of the deposit if the condominium could not be leased to someone else. When no re-lease of the condominium was obtained, the taxpayer retained ten percent of the cancellation deposit as a commission and remitted the balance of the deposit to the condominium owner.

In the case at bar, taxpayers failed to pay the five percent Meals and Rooms Tax on the booking fees and the retained portion of the cancellation deposits.

## I.

Taxpayers contend that the Meals and Rooms Tax cannot be imposed upon the rental of a condominium unit because, they argue, a condominium unit does not fall within the statutory definition of a "hotel." The term "hotel" is defined by 32 V.S.A. § 9202(3). That statute states in pertinent part:

> The term includes but is not limited to, inns, motels, tourist homes and cabins, ski dormitories, ski lodges, lodging homes, rooming houses, furnished-room houses, boarding houses and private clubs, *as well as any building or structure or part thereof to the extent to which any such building or structure or part thereof in fact is held out to the public by offering sleeping accommodations for a consideration.* (emphasis added).

In determining the meaning of statutory language, this Court has adopted a plain meaning rule. "The rule provides that when the meaning of a statute is plain on its face it must be enforced according to its terms and there is no need for construction; the legislative intent is to be ascertained from the act itself, which is presumed to be in accordance with the ordinary meaning of the statutory language." *Hill* v. *Conway*, 143 Vt. 91, 93, 463 A.2d 232, 233 (1983) (citations omitted). Furthermore, this Court has stated that "absent compelling indication of error, interpretations of statutory provisions by the administrative body responsible for their execution will be sustained on appeal." *In re Vermont Health Service Corp.*, 144 Vt. 617, 622-23, 482 A.2d 294, 297 (1984).

The Vermont Tax Department maintains, and we agree, that because the condominiums that the taxpayers rented were offered to the public as sleeping accommodations for a consideration, they fall within the plain language of 32 V.S.A. § 9202(3).

Taxpayers also contend that the rental of a condominium unit is not within the definition of the word "hotel" because a condominium unit is owned by individuals and is not an "establishment" as that term is used in section 9202(3). We disagree. The

condominiums in this case are places of business which hold themselves out to the public by offering sleeping accommodations for a consideration. A condominium unit which is so held out is clearly an "establishment" as that term is used in 32 V.S.A. § 9202(3).

Next, taxpayers assert that a condominium is not considered a hotel under other state statutes and, thus, should not be considered a hotel for purposes of the Meals and Rooms Tax. As the Tax Department points out, the term "hotel" is specifically defined in connection with the Meals and Rooms Tax and it is this definition that must control the appeal. For the reasons stated, we conclude that the Meals and Rooms Tax can be imposed upon the rental of a condominium unit.

## II.

The more difficult question for our consideration is whether the sums retained as booking fees or as forfeitures of the cancellation deposits are subject to the provisions of 32 V.S.A. § 9241. That statute states in part: "A tax of six percent of the rent of each *occupancy* . . . is hereby levied and imposed and shall be collected by the operator and paid over to the state as herein provided." *Id.* (Emphasis added).

The term "rent" is defined as:

> the consideration received for occupancy valued in money, whether received in money or otherwise, including all receipts, cash, credits and property or services of any kind or nature, and also any amount for which the occupant is liable for the occupancy without any deduction therefrom whatsoever. The term "rent" shall not include rental charges for living quarters, sleeping or household accommodations to any student necessitated by attendance at a school as defined herein.

32 V.S.A. § 9202(8).

"Occupancy" is defined in pertinent part as:

> the use or possession, or the right to the use or possession, of any room or rooms in a "hotel" for any purpose, or the right to the use or possession of the furnishings or to the services and accommodations accompanying the use or possession of a room or rooms.

32 V.S.A. § 9202(6).

The statutory definition of the term "occupancy" includes a lessee's right to the use or possession of leased rooms. While we agree with taxpayers' assertion that the lessee's right to occupancy, until such time as the full rental fee has been paid, constitutes a contingent right to occupancy, nothing within the statute indicates a legislative intent to tax only fully vested rights to occupancy.

All monies paid by a lessee for the rental of a condominium unit are therefore potentially subject to the Meals and Rooms Tax. These monies are technically subject to taxation upon receipt by the taxpayers. The tax, however, is ultimately imposed only upon "gross receipts." Such gross receipts do not include amounts refunded by taxpayers to lessees. Thus, in the case of a lease cancellation, taxpayers' gross receipts will consist of either the twenty-five dollar booking fee or ten percent of the cancellation deposit. These monies constitute gross receipts for a contingent right of occupancy and are therefore subject to the Meals and Rooms Tax.

 We hold that the cancellation deposits and booking fees received by the taxpayers are occupancy rentals within the meaning of 32 V.S.A. § 9202(8). Thus, the decision of the trial court, affirming the determination of the Commissioner of Taxes, must be upheld.

*Affirmed.*