## In re Peel Gallery of Fine Arts

[543 A.2d 695]

No. 86-545

Present: **Allen, C.J., Peck, Gibson, Dooley and Mahady, JJ.**

Opinion Filed February 19, 1988

*William Meub* and *James S. Fry* of *Kelley, Meub, Powers & English, Ltd.*, Middlebury, for Appellant.

*Jeffrey L. Amestoy*, Attorney General, and *John K. Dunleavy*, Assistant Attorney General, Montpelier, for Appellee.

**Mahady, J.** This is an appeal from a decision of the Travel Information Council (Council), which denied appellant's renewal of licenses for two official business directional signs. The signs are part of the system of signs "erected and maintained by the [S]tate to indicate to the travelling public the route and the distance to public accommodations, commercial services for the travelling public, and points of scenic, historic, cultural, educational and religious interest." 10 V.S.A. § 481(2). We hold that Rule 14 of the Council as applied to this appellant violates the statutory authority of the Council. Accordingly, we reverse.

Appellant operates an art gallery which displays, for sale, contemporary American art. It is located on the Scottsville Road in the Town of Danby. Approximately 450 feet east from the gallery, Scottsville Road intersects with Route 7, a major north-south highway. Pursuant to 10 V.S.A. § 493, appellant maintains an "on-premises sign," 10 V.S.A. § 481(3), near the Scottsville Road-Route 7 intersection.

In 1976, the Council licensed one official business directional sign for appellant in the Town of Danby one mile north of the intersection and another such sign in the Town of Mount Tabor two miles south of the intersection. In 1986, the Council notified appellant that these licenses would not be renewed. Appellant objected, and a hearing was held before the Council, resulting in the order which is the subject of this appeal.

By statute, "[l]awful businesses and points of interest and cultural, educational, and religious facilities are eligible for official business directional signs, subject to the provisions of [Chapter 21 of Title 10] and to rules and regulations promulgated by the [Council] . . . ." 10 V.S.A. § 489.

Pursuant to 10 V.S.A. § 484(b), the Council adopted Rule 14, which provides in relevant part:

    a.    Official business directional signs shall be located in the same town as the business, service or point of interest to which the sign directs attention;

    b.    Official business directional signs shall be located at that point where the traveller must change direction from one highway to another to reach the business, service or point of interest . . . .

Applying this Rule, the Council denied the renewal of the two licenses.

The southern sign, being located in Mount Tabor as opposed to Danby where appellant's gallery is located, violates Rule 14(a). " '[A]bsent compelling indication of error, interpretations of statutory provisions by the administrative body responsible for their execution will be sustained on appeal.' " *Bedford* v. *Vermont Dep't of Taxes*, 146 Vt. 376, 378, 505 A.2d 658, 659 (1985) (quoting *In re Vermont Health Service Corp.*, 144 Vt. 617, 622-23, 482 A.2d 294, 297 (1984)). However, Rule 14(a), when applied to an establishment such as appellant's which is located in close proximity to a town line, effectively denies that establishment its statutory eligibility provided by 10 V.S.A. § 489 for an official business directional sign. So applied, the Rule is in direct conflict with the statute and cannot be sustained.

The Council clearly may regulate the location of official business directional signs. 10 V.S.A. § 484(b). However, the factors to be considered in the promulgation of such regulations are set forth in the statute. These factors include the effect on highway safety, the convenience of the travelling public, and the preservation of scenic beauty. 10 V.S.A. § 492. The existence of a town line bears no reasonable or logical relationship to any of these factors. Rule 14(a), therefore, is not authorized by the statute, and the Council has exceeded its statutory authority in the promulgation of the rule. See *In re Vermont Welfare Rights Organization*, 132 Vt. 622, 627, 326 A.2d 828, 831 (1974).

The Council denied the license for the northern sign located in Danby on the ground that it violates Rule 14(b). This conclusion is erroneous. The Council determined that the on-premises sign of appellant was located on Route 7 and that Rule 14(b) therefore applied. However, to reach appellant's gallery a traveller must change direction from one highway, Route 7, to another, the Scottsville Road. Under the plain meaning of the Rule, it is appropriate to locate an official business directional sign "at that point where the traveller must change direction from one highway to another to reach the business, service or point of interest . . . ."* We are obligated to give effect to that plain mean-

---

* Common sense requires that the language of the Rule be construed to refer to a point which is in fact somewhat before the precise point of the intersection, thereby providing adequate notice to motorists. Placement at the intersection would defeat the purpose of such signs, and we must construe regulations in a manner which gives them meaning and effect. See *In re Agency of Administration*, 141 Vt. 68, 74, 444 A.2d 1349, 1351-52 (1982).

ing. *Montgomery* v. *Brinver Corp.*, 142 Vt. 461, 463, 457 A.2d 644, 645 (1983). Though administrative agencies' interpretations of their own regulations "are usually given great weight by this Court," *Bishop* v. *Town of Barre*, 140 Vt. 564, 577, 442 A.2d 50, 56 (1982), we only need to "look to the administrative construction of the regulation if the meaning of the words used is in doubt." *Bowles* v. *Seminole Rock & Sand Co.*, 325 U.S. 410, 414 (1945); accord *Cronin* v. *Department of Social Welfare*, 145 Vt. 187, 188, 485 A.2d 1253, 1254 (1984). "Our only tools, therefore, are the plain words of the regulation and any relevant interpretations of the Administrator," *Bowles* v. *Seminole Rock & Sand Co.*, 325 U.S. at 414, if the plain meaning of the regulation is doubtful. Here, the regulation in question is plain on its face and clearly not open to different interpretations. An administrative agency must abide by its regulations as written until it rescinds or amends them. See *United States* v. *Nixon*, 418 U.S. 683, 695-96 (1974); *Bishop* v. *Town of Barre*, 140 Vt. at 578, 442 A.2d at 56. Otherwise, people will not know how to conduct their affairs.

*Reversed and remanded.*