## In re R.S. Audley, Inc.

[562 A.2d 1046]

No. 87-521

Present: **Allen, C.J., Peck and Gibson, JJ., and Barney, C.J. (Ret.) and Keyser, J. (Ret.), Specially Assigned**

Opinion Filed May 5, 1989

 *Samuel C. FitzPatrick*, Montpelier, for Plaintiff-Appellant.

*Jeffrey L. Amestoy, Attorney General,* and *Mary L. Bachman, Assistant Attorney General,* Montpelier, for Defendant-Appellee.

**Gibson J.** R.S. Audley, Inc. ("taxpayer") appeals from the superior court's affirmance of a determination by the Commissioner of Taxes holding it liable for an underpayment of the compensating use tax[1] imposed on tangible personal property purchased elsewhere but used in this state. We affirm.

Taxpayer, a foreign corporation, is a general contractor engaged in bridge and highway construction in the New England area. In the course of its business, taxpayer brought into and used within Vermont equipment purchased outside the state upon which no Vermont sales tax had been paid. This equipment (seven trucks, two graders and two bulldozers) was used in the performance of one or more contracts in Vermont in the period for which the underpayment was assessed. It was stipulated by taxpayer and the Department of Taxes that no one piece of equipment was used in Vermont for more than six consecutive months in the performance of a contract. Each piece was, however, used in excess of six cumulative months within this state over the course of between one and three years.

The Department assessed a compensating use tax on the equipment based on either its purchase price, 32 V.S.A. § 9774(b), or (where the equipment had been used outside Vermont for six months prior to its use within the state) on its market value as of the time of its first use within the state, *id.* § 9774(b)(1). Taxpayer elected, however, to pay the State of Vermont a tax based on the rental value of the equipment, pursuant to 32 V.S.A. § 9774(b)(2). Taxpayer raises two issues on appeal: first, that the property is exempt from tax entirely because taxpayer is not a "resident" of Vermont for purposes of 32 V.S.A. § 9774; and second, that taxpayer's payment of a compensating use tax based on the equipment's fair rental value (as opposed to its purchase price or market value) was proper under 32 V.S.A. § 9774(b)(2).

---

[1] A compensating use tax applies to the use within this state of any tangible personal property purchased at retail that is not subject to the state sales tax. 32 V.S.A. § 9773(1).

Section 9774 of Title 32 provides the framework for both issues raised by taxpayer. That statute provides, in pertinent part, as follows:

> (b) Tangible personal property which has been purchased *by a resident of the state* outside of this state for use outside of this state and subsequently becomes subject to the compensating use tax imposed under this chapter, shall be taxed on the basis of the *purchase price* of the property, provided however:
>
> (1) That where a taxpayer affirmatively shows that the property was used outside the state by him for *more than six months* prior to its use within this state, the property shall be taxed on the basis of *current market value* of the property at the time of its first use within the state . . . .
>
> (2) That the compensating use tax on the tangible personal property brought into this state . . . and used in the performance of *a contract or subcontract* within this state by a purchaser or user for *a period of less than six months* may be based, at the option of the taxpayer, on the *fair rental value* of the property for the period of use within this state.

32 V.S.A. § 9774(b) (emphasis added).

## I.

 Taxpayer argues that the compensating use tax addressed in § 9774(b), which by definition is imposed only on personal property purchased by a resident of Vermont, does not apply to it as a foreign corporation. The Department argues, however, that 32 V.S.A. § 9744(b) requires that a business in taxpayer's position "shall not be deemed a nonresident."[2]

Taxpayer's argument, in essence, is that the use of the double negative somehow warrants a conclusion that while it is not a

---

[2] 32 V.S.A. § 9744(b) states:

A person while engaged in any manner in carrying on in this state any employment, trade, business or profession, not entirely in interstate or foreign commerce, shall not be deemed a nonresident with respect to the use in this state of property in that employment, trade, business or profession.

nonresident, neither is it a resident. Section 9773 states that the compensating use tax is imposed "on every person" using "any tangible personal property" within the state, except as otherwise exempted. Statutes granting an exemption from taxation are construed strictly against the party claiming exemption, yet reasonably so as not to defeat their purpose. *In re Abbey Church*, 145 Vt. 227, 229, 485 A.2d 1263, 1264 (1984); *Rock of Ages Corp. v. Commissioner of Taxes*, 134 Vt. 356, 359, 360 A.2d 63, 65 (1975). Taxpayer offers no explanation as to why the Legislature would grant a use tax exemption to a foreign corporation doing business in Vermont, thus giving it a competitive advantage over local businesses which must pay a sales or use tax, and we can think of none. Indeed, such an exemption could contravene one of the underlying purposes of the use tax: the protection of local merchants from unfair out-of-state competition. *Rowe-Genereux, Inc. v. Department of Taxes*, 138 Vt. 130, 133-34, 411 A.2d 1345, 1347 (1980).

Although it would, perhaps, have been preferable for the statute to have been worded affirmatively, the result is still the same: one who is "not a nonresident" is "a resident" for purposes of the compensating use tax. The fact that the statute's framers chose to employ a double negative in § 9744(b) is of no avail to taxpayer.

## II.

■ Taxpayer's second issue revolves around the interpretation of the phrase "period of less than six months" contained in 32 V.S.A. § 9774(b)(2). Taxpayer argues that this provision should be read to mean that where personal property is used within Vermont for less than six *consecutive* months, the property may, at the taxpayer's option, be taxed only on its fair rental value. The Commissioner disagreed, and, finding that the equipment at issue was used in excess of six *cumulative* months in Vermont (although on different contracts and for different periods of time), taxed each piece either on its purchase price or its market value. The Commissioner's decision was upheld by the superior court on the basis that while both interpretations were plausible, the more reasonable construction, and the one better furthering the legislative intent, was that "six months" must be counted cumulatively. We agree.

Statutes are to be given reasonable construction, *International Business Machines* v. *Department of Taxes,* 133 Vt. 269, 275, 336 A.2d 158, 162 (1975), so that they will neither be rendered ineffectual nor lead to irrational consequences. *Audette* v. *Greer,* 134 Vt. 300, 302, 360 A.2d 66, 68 (1976). In construing a statute, the Court must look to the whole statute, the subject matter, its effects and consequences, and the reason and spirit of the law. *Langrock* v. *Department of Taxes,* 139 Vt. 108, 110, 423 A.2d 838, 839 (1980). Moreover, absent compelling indication of error, the interpretation of a statute by the administrative body responsible for its execution will be sustained on appeal. *Bedford* v. *Department of Taxes,* 146 Vt. 376, 378, 505 A.2d 658, 659 (1985).

A use tax is clearly not only a revenue-raising measure, designed to compensate Vermont for sales taxes lost when state residents purchase goods elsewhere for use in this state, but also is aimed at more equitably distributing the tax burden. *Rowe-Genereux,* 138 Vt. at 133-34, 411 A.2d at 1347 (use tax is generally perceived as necessary complement to sales tax "to protect a state's revenues by taking away the advantages to residents of travelling out of state to make untaxed purchases, and to protect local merchants from out-of-state competition which, because of its lower or nonexistent tax burdens, can offer lower prices").

The threefold scheme of § 9774 bears out this analysis. A state resident who purchases goods elsewhere but brings them into Vermont will be liable for the equivalent of the regular Vermont sales tax (i.e., a compensating use tax of 4% on the property's purchase price), with two exceptions.

The first exception provides that if the taxpayer can prove the property was used elsewhere for more than six months, the tax will be based on the item's market value. This requirement is clearly designed to avoid unfair discrimination against residents who purchase products for out-of-state use, and who so use them, by requiring payment of a use tax approximately equivalent to that which would have been payable had the items been purchased at the time they were first brought into the state. See *Lane Construction Corp.* v. *Comptroller of Treasury,* 228 Md. 90, 93-94, 178 A.2d 904, 906 (1962). Thus, if a taxpayer buys an appliance for use at a second home in Florida and so uses it for more than six months, he or she cannot be assessed a full 4% use tax on the appliance's original purchase price in the event it is brought into Vermont. The taxpayer will, however, be liable for a

tax on the appliance's market value as of the time it was first used in Vermont.

Second, if the taxpayer brings property into the state for use on "a contract or subcontract" for "a period of less than six months," then, instead of paying tax on market value or purchase price, the taxpayer may opt to pay a use tax based on its fair rental value. With this second exception to the general "purchase price" rule, the Legislature clearly intended to relieve a taxpayer from paying a full use tax on out-of-state equipment which is brought into Vermont on a short-term contract.

The Legislature might constitutionally have imposed the use tax on the latter category of taxpayers on the basis of purchase price or market value at the time of the equipment's first use in Vermont. See *Lane Construction Corp.*, 228 Md. at 94, 178 A.2d at 906. Instead, it chose to give these taxpayers a third method of computing their use taxes: one based upon the equipment's fair rental value. This option — which amounts, in effect, to a tax break to those qualified under § 9774(b)(2) — is available only, however, upon proof that the use of personal property within Vermont is on a short-term contract. Thus, while affording relief to certain taxpayers, the Legislature imposed the six-month test to assure that only those truly qualified would benefit.

Taxpayer is a business concern based outside of the state which brings equipment into Vermont on a periodic basis for use in the performance of contracts and subcontracts. This case is before us because over a period of three years, taxpayer brought into Vermont eleven different pieces of equipment. In each instance, the item was used for less than six consecutive months and then was moved outside Vermont for a period of time, ranging from one week to seven months. Some items were brought into Vermont seven or eight separate times in the performance of one contract over the course of more than a year; other pieces were in state only a few times, on more than one contract, and over a period of several years. There was no evidence presented that taxpayer attempted to manipulate the tax laws by moving equipment into and out of the state in order to stay within the parameters of § 9774(b)(2).

Taxpayer argues that since neither the statute (§ 9774(b)(2)) nor the regulation (Reg. 226-7, which parallels the statute) specifies that the "period of less than six months" must be calculated in a cumulative manner, the ordinary interpretation of the term

would be that it means six consecutive months. Taxpayer could find no cases, however, in support of either interpretation, but maintains that when a term is ambiguous, as here, the doubt must be resolved against the taxing authority and in favor of the taxpayer. *Langrock* v. *Department of Taxes,* 139 Vt. at 110, 423 A.2d at 839.

Taxpayer further contends that since the statute referred to "a" contract or subcontract, the Legislature intended that when equipment is used on more than one contract, a new statutory period commences running with each separate contract. In this case, no piece of equipment was used consecutively for a six-month period on any one contract.

An important canon of statutory construction is that the intent of a statute should be gathered from a consideration of every part of the statute, the subject matter, its effects and consequences, and the reason and spirit of the law. *Id.* 32 V.S.A. § 9701(13) defines "use" as

> the exercise of any right or power over tangible personal property by the purchaser thereof and includes, but is not limited to, the receiving, storage or any keeping or retention for any length of time, withdrawal from storage, any installation, any affixation to real or personal property, or any consumption of that property.

Thus, the presence of taxpayer's equipment in this state in performance of any contract or in storage between contracts or following the completion of a contract would constitute "use" within the meaning of the statute. If equipment that is used within Vermont for more than six cumulative months were to come under the provisions of § 9774(b)(2), the policy of the Legislature to give a tax break to those persons who use property on a short-term basis would be frustrated. Such a result would be inconsistent with the underlying compensatory purpose of the use tax, and unfair to competing Vermont businesses.

On each item of taxpayer's equipment, because the total cumulative usage within Vermont exceeded six months, the Commissioner held that taxpayer had to pay a compensating use tax based on the current market value of the equipment rather than its fair rental value. The trial court agreed, finding that it is the cumulative amount of use within Vermont that the Legislature intended to be the determining factor in imposing the use tax.

Further, the court presupposed that under the taxpayer's interpretation it would be possible to bring equipment into Vermont for one day shy of six months, remove it for a day, and then bring it back again, in order to retain the § 9774(b)(2) option. The trial court found that this "irrational result" could not have been intended by the Legislature.

We agree with the trial court that the compensating use tax, which taxes property purchased elsewhere but employed within the state, constitutes a scheme for reimbursing Vermont for being the locus of the property's use. Under this scheme, it is not how much consecutive time, but how much cumulative time property is used within the state that should determine the basis of the tax.

The taxpayer having failed to demonstrate "compelling indication of error" in the Commissioner's interpretation of the statute at issue, *Bedford,* 146 Vt. at 378, 505 A.2d at 659, the trial court was correct in affirming the decision.

*Affirmed.*