## BRATTLEBORO TENNIS CLUB, INC. v. VERMONT DEPARTMENT OF TAXES

[691 A.2d 1062]

No. 96-116

February 21, 1997. Brattleboro Tennis Club (BTC) appeals from a superior court decision upholding the determination of the Commissioner of Taxes that BTC is liable for sales and use taxes on the annual membership dues and guest fees it receives from its members. The court agreed with the Commissioner that the membership dues and guest fees are amusement charges under 32 V.S.A. § 9771(4) and that BTC is not exempt under 32 V.S.A. § 9743(5). We affirm.

The relevant facts are undisputed, so this case turns solely on the proper interpretation of the relevant tax statutes. As the trial court recognized, in reviewing such questions we accord some deference to the Commissioner's interpretation of tax statutes. "'[A]bsent compelling indication of error, the interpretation of a statute by the administrative body responsible for its execution will be sustained on appeal.'" *Burlington Elec. Dep't v. Vermont Dep't of Taxes*, 154 Vt. 332, 337, 576 A.2d 450, 453 (1990) (quoting *In re R. S. Audley, Inc.*, 151 Vt. 513, 517, 562 A.2d 1046, 1049 (1989)).

BTC's first claim is that the annual

dues are not amusement charges subject to taxation under 32 V.S.A. § 9771(4).* Amusement charges are defined by statute as "the admission charge (including any subsidiary, service or cover charge) to, and *any charge for the use of any place of recreation* or amusement including athletic events and facilities." 32 V.S.A. § 9701(10) (emphasis added). According to BTC, its dues should not be considered admission charges because it is the purchase of a membership that entitles a person to use the facilities. BTC further argues that, because the amount of annual dues is based upon costs to maintain the facility rather than the amount of facility usage, the dues are not admission charges.

Despite BTC's claim that membership, not the payment of annual dues, entitles a person to use the facilities, its bylaws state that if annual dues are not paid by certain dates, playing rights may be suspended and sold to another. The bylaws further state that the purpose of the BTC is to provide an opportunity to play tennis. A BTC member who has paid the annual dues may also transfer playing rights for the season to a nonmember. While it is true that non-dues-paying members retain their right to vote, members are not allowed to use the facilities unless their dues are paid in a timely fashion. Based on these facts, there was no error in the Commissioner's conclusion that the annual dues are charges for the use of the facility and thus taxable amusement charges.

BTC also argues that 32 V.S.A. § 9743(5) exempts it from tax on its annual dues and guest fees. That statute reads:

(5) Organizations which qualify for exempt status under the provisions of section 501(c)(4)-(13) . . . shall be exempt from the sales and use tax upon amusement charges as defined in section 9701, in the case of not more than four special events (not including usual or continuing activities of the organization) held in any calendar year, and which, in the aggregate, are not held on more than four days in such year, and which are open to the general public.

BTC's tortured reading of the statute, that a qualified organization is exempt from the tax for four special events per year *and* for its usual or continuing activities, is simply wrong. While the language is not a model of clarity, the reasonable interpretation is that these entities have an exemption for up to four special events not lasting longer than a total of four days, as long as those special events are not usual or continuing activities of the organization. Nothing in the statute indicates that the Legislature meant to create a blanket exclusion from the sales and use tax for these entities. See *Burlington Elec. Dep't*, 154 Vt. at 335, 576 A.2d at 452 (presumption that Legislature intended statute's language to carry plain, ordinary meaning); see also *In re Middlebury College Sales & Use Tax*, 137 Vt. 28, 31, 400 A.2d 965, 967 (1979) (exemptions to tax code are strictly construed). Although BTC argues otherwise, the legislative history of this provision also contradicts BTC's proposed interpretation. Subdivision (5) was originally added in 1983. 1983, No. 62, § 1. The next year it was amended to provide for the four-day/four-event exception precisely because the Legislature realized it had created a blanket exemption and wanted to correct that. 1983, No. 206 (Adj. Sess.), § 1; Hearings on H. 732 before Senate Finance Committee, March 29, 1984, at 48-54. The Com-

---

*BTC concedes that the guest fees are amusement charges because they are assessed based on court usage and thus subject to sales and use tax unless exempt under 32 V.S.A. § 9743(5).

missioner correctly construed the statute to include BTC.

*Affirmed.*