2007 VT 19

## In re Appeal of Patricia Carroll, et al.

[925 A.2d 990]

No. 05-421

Present: **Reiber, C.J., Dooley, Johnson and Skoglund, JJ., and Toor, Supr. J., Specially Assigned**

Opinion Filed March 9, 2007

*Norman C. Smith*, Essex Junction, for Appellant Carroll.

*Dennis R. Pearson*, Pro Se, Jericho, Appellant.

*Daniel P. O'Rourke* and *Vincent A. Paradis* of *Bergeron, Paradis & Fitzpatrick, LLP*, Essex Junction, for Appellees.

¶ 1. **Dooley, J.** Appellant Patricia Carroll appealed to the Environmental Court from a decision by the Town of Jericho Development Review Board (DRB) approving the plan of Mary Alice Rivers and CRC Sand & Gravel (collectively, "developers"), for a five-lot subdivision.[1] The Environmental Court concluded that because Ms. Carroll did not participate in the hearing for final subdivision approval, she did not qualify as an interested party under 24 V.S.A. § 4465(b), and dismissed Ms. Carroll's appeal. We conclude that Ms. Carroll's participation in the previous hearings regarding the subdivision constituted adequate participation under the statute and reverse the Environmental Court's dismissal of her appeal.

¶ 2. "In reviewing the trial court's disposition of a motion to dismiss, we assume that all well pleaded factual allegations in the complaint are true, as well as all reasonable inferences that may be derived therefrom." *Winfield v. State*, 172 Vt. 591, 593, 779 A.2d 649, 651-52 (2001) (mem.). Developers' request for the five-lot subdivision began with an application in June 2003[2] seeking "sketch-plan" review of the subdivision.[3] The DRB held a hearing on July 31, 2003. Ms. Carroll's husband,

---

[1] Appellant Dennis Pearson also filed a brief in this Court in support of the arguments made by Ms. Carroll.

[2] The record indicates that developer Mary Alice Rivers submitted a request for approval of a six-lot subdivision earlier in 2003, and this proposal went through sketch-plan review in the DRB. Ms. Rivers apparently dropped that proposal.

[3] The purpose of sketch-plan review is not indicated by the record, nor is it provided for in the Jericho Subdivision Regulations in effect at the time of the subdivision

James Carroll, was present at the July 2003 hearing and spoke regarding his concerns. The Carrolls jointly submitted written documents expressing their concerns in the form of a written response under the name "The Carroll Family and Friends." While some members of the DRB provided reactions to the proposal, no formal vote was taken on the proposal.

¶ 3. As the next step, developers sought Preliminary Plat Review for the five-lot subdivision. The DRB held a hearing on October 23, 2003. Ms. Carroll did not attend this hearing, but her husband was present and spoke regarding his concerns. Both Carrolls again submitted written documents expressing their concerns regarding the proposed subdivision under the name "The Carroll Family." At the close of the hearing, the DRB approved the proposed project as complying "with all pertinent sections of the Jericho Subdivision Regulations for preliminary plat review," subject to certain listed conditions. A written decision to the same effect was issued the next day.

¶ 4. As the third step in the development-approval process, developers sought Final Plat Review for the proposed subdivision on September 15, 2004. The DRB held a hearing on December 2, 2004. Both Ms. and Mr. Carroll attended. Although Mr. Carroll spoke extensively, the minutes do not reflect that Ms. Carroll spoke.

¶ 5. In response to the motion to dismiss, Ms. Carroll submitted an affidavit. It indicated that Mr. Carroll "spoke from some notes we had prepared, and submitted to the Board, in my presence a copy of the

---

review in this case. See Jericho, Vt., Subdivision Regulations (July 8, 1985) [hereinafter JSR], *http://www.jerichovt.gov/* (follow "Ordinances/Local Regulations" hyperlink; then follow "Zoning/Subdivision Regulations" hyperlink; then follow "Subdivision Regulations Adopted 7/8/85" hyperlink). It is defined in the zoning regulations as "an informal public hearing with the Development Review Board to explore options in a preliminary manner with little expense involved," and the regulations specify that "[n]o formal decision is taken" and "no specific data is required." Jericho, Vt., Zoning Regulations art. VI, § 601.2.0, *http://www.jerichovt.gov/* (follow "Ordinances/Local Regulations" hyperlink; then follow "Zoning/Subdivision Regulations" hyperlink; then follow "Jericho Zoning Regulations Adopted 12/29/03" hyperlink). We assume that the purpose is similar for subdivision review and similar to what we described in *In re Champlain Oil Co.* with respect to a sketch-plan application: that it "be submitted by a subdivider of land to the town planner prior to submitting an application for subdivision approval, for the purpose of classifications and preliminary discussion of the subdivision with the Planning Commission." 2004 VT 44, ¶ 12, 176 Vt. 458, 852 A.2d 622 (internal quotations omitted).

notes he read from." She added that she "assisted in preparing those notes" and attached them to the affidavit. Finally, she stated:

> My husband spoke at the meeting with my permission and authority, and submitted written comments on his and my behalf. Because he presented my concerns, I did not see a reason to speak on my own and simply repeat what he had to say. This was particularly true because the Chair of the December 2, 2004 meeting specifically asked participants not to repeat areas already spoken of by others. Discussion as to content and time allocation was strictly controlled by the Chair, Phyl Newbeck. I felt very limited and wanted to respect her request.

The DRB sent the written decision approving the final plat application on December 3, 2004.

¶ 6. Ms. Carroll subsequently filed a timely notice of appeal to the Environmental Court. Other parties also appealed the decision, including appellant Pearson; these additional appeals were filed after the thirty-day appeal period had expired, but within the extra time allowed for additional appeals by V.R.A.P. 4.[4] Thus, it is undisputed that these appeals are valid only if the Carroll appeal is valid. Developers moved to dismiss the appeal in the Environmental Court, relying on a recent addition to the appeal statute in 24 V.S.A. § 4471(a):

> An interested person who has participated in a municipal regulatory proceeding authorized under this title may appeal a decision rendered in that proceeding by an appropriate municipal panel to the environmental court. Participation in a local regulatory proceeding shall consist of offering, through oral or written testimony, evidence or a statement of concern related to the subject of the proceeding.

Developers argued that Ms. Carroll had not participated in the municipal regulatory proceeding because (1) the relevant proceeding was the December 2, 2004 hearing on the final plat application, and (2) Ms. Carroll did not offer evidence through testimony or a statement of concern at that hearing.

---

[4] V.R.A.P. 4 provides, in pertinent part, that "[i]f a timely notice of appeal is filed by a party, any other party may file and serve a notice of appeal within 14 days of the date on which the first notice of appeal was filed."

¶ 7. The Environmental Court agreed with developers' position and found that Ms. Carroll had not participated in the December 2004 hearing although she did participate in the hearing on the application for preliminary plat approval. In response to Ms. Carroll's argument that the preliminary plat and final plat reviews were part of one proceeding, the court held:

> Many Vermont municipalities require separate applications for preliminary and final site plan approval for what is essentially a single request from a property developer: may I be permitted to subdivide this property. These separate applications can often cause multiple filings in this Court, since appellants often file appeals from preliminary determinations, fearful that they would lose their appeal rights by waiting until the final determination is made. It would be procedurally more efficient, for the parties and this Court, if preliminary and final determinations could be considered as one. Unfortunately, we find no statutory authority to do so. Therefore, we cannot look to Ms. Carroll's participation in the preliminary proceeding to satisfy her statutory requirement of participation in the final subdivision approval here.

For this reason, the court dismissed the appeal.

¶ 8. In the present appeal, Ms. Carroll argues that (1) the participation requirement of 24 V.S.A. § 4471(a) does not apply because it did not come into effect until July 2004 and cannot apply to a subdivision request filed in 2003; (2) she met the participation requirement at the December 2004 final plat hearing; and (3) she met the participation requirement at the October 2003 preliminary plat hearing and that hearing was part of the "municipal regulatory proceeding" as described in § 4471(a). We directly address only the third argument and agree with her position. For this purpose alone, we assume that the new law applies to this case.

¶ 9. Our primary task is to construe the applicable statute and the phrase "participated in a municipal regulatory proceeding." The proper construction of 24 V.S.A. § 4471 is a question of law subject to non-deferential and plenary review. See *In re Dep't of Bldgs. & Gen. Servs.*, 2003 VT 92, ¶ 8, 176 Vt. 41, 838 A.2d 78. Our objective in construing a statute is to effectuate the Legislature's intent, and we look first to the statute's language. *Springfield Terminal Ry. v. Agency of Transp.*, 174 Vt. 341, 346, 816 A.2d 448, 453 (2002). We will enforce the plain

meaning of the statutory language where the Legislature's intent is evident from it, *Wesco, Inc. v. Sorrell*, 2004 VT 102, ¶ 14, 177 Vt. 287, 865 A.2d 350, but, if doubts exist, "the real meaning and purpose of the Legislature is to be sought after and, if disclosed by a fair and reasonable construction, it is to be given effect." *Langrock v. Dep't of Taxes*, 139 Vt. 108, 110, 423 A.2d 838, 839 (1980). The intent should be gathered from a consideration of "the whole statute, the subject matter, its effects and consequences, and the reason and spirit of the law." *In re Wal\*Mart Stores, Inc.*, 167 Vt. 75, 84, 702 A.2d 397, 403 (1997) (internal quotations and citations omitted).

¶ 10. In this case, the meaning of the phrase "municipal regulatory proceeding" is not sufficiently clear for us to decide the question based on the wording alone. Nor does the statute contain a definition of the key term, "proceeding." We are aided, however, by the nature of the subdivision review in the relevant statutes and ordinance provisions of the Town of Jericho.

¶ 11. The required procedure for subdivision review, as set forth in 24 V.S.A. § 4463, is very limited:

## Subdivision review.

(a) Approval of plats. Before any plat is approved, a public hearing on the plat shall be held by the appropriate municipal panel after public notice. . . .

A municipality can, however, require a more extensive process. Thus, 24 V.S.A. § 4418 provides:

## Subdivision bylaws.

In order to guide community settlement patterns and to ensure the efficient extension of services, utilities, and facilities as land is developed, a municipality may regulate the division of a lot or parcel of land into two or more lots or other division of land for sale, development, or lease. Subdivision bylaws shall establish standards and procedures for approval, modification, or disapproval of plats of land and approval or modification of plats previously filed in the office of the municipal clerk or land records.
. . . .
(2) Subdivision bylaws may include:
. . . .

(B) Procedures for conceptual, preliminary, partial, and other reviews preceding submission of a subdivision plat, including any administrative reviews.[5]

The Town of Jericho has adopted a more extensive procedure than provided for in § 4418(2)(B). Thus, the Town of Jericho Subdivision Regulations require that developers first submit a preliminary plat application for a major subdivision. See JSR, *supra*, note 3, art. II, § 2 ("A major subdivision ... shall undergo both preliminary Plat and Final Plat review and approval."). The application at issue in this case is for a major subdivision because it contains five or more lots. *Id.* art. I, § 3. The procedural rules specify:

> Before holding the public hearing on the final plat of a major subdivision, the Commission[6] shall hold one or more hearings on a preliminary plat. . . . Approval of a preliminary plat shall not constitute approval of the subdivision. The decision on a preliminary plat may state specific requirements to be fulfilled prior to gaining approval of the final plat. Prior to approval of the final plat, the Commission may require additional changes or information as a result of further study.

*Id.* art. II, § 3. The regulations define the preliminary plat in terms of its purpose: "to enable the subdivider to save time and expense in reaching general agreement with the Planning Commission as to the form of the subdivision and the objectives and requirements of these regulations." *Id.* art. I, § 2(17)(1b).

¶ 12. Our only relevant precedent is *In re Miller*, 170 Vt. 64, 75-76, 742 A.2d 1219, 1227 (1999), where we concluded that site-plan review before the planning commission involved a separate proceeding from zoning review in the zoning board of adjustment although the devel-

---

[5] This version of the statute was added effective July 1, 2004. Prior to that effective date, 24 V.S.A. § 4414 provided: "Before holding such public hearing on a plat, the planning commission or the development review board may hold one or more preliminary hearings and grant preliminary approval to authorize the preparation of the plat for such public hearing." 1967, No. 334 (Adj. Sess.), § 1, as amended by 1993, No. 232 (Adj. Sess.), § 6. The provisions are similar in substance; we do not believe that the exact wording affects our conclusion in this decision.

[6] The Jericho Subdivision Regulations refer to the planning commission throughout. See, e.g., JSR, *supra*, note 3, art. I, §§ 2, 3(3). Since their adoption, the town has substituted the DRB to fulfill the functions of the planning commission and the zoning board of adjustment.

oper needed both permits to proceed with the development project. In that case, the two proceedings were in separate adjudicatory bodies, and the developer had to present separate evidence to each. If the developer succeeded, each proceeding resulted in a separate permit.[7]

¶ 13. We think that in contrast to the site-plan and zoning review in *Miller*, subdivision review is one proceeding from application to preliminary plat review to final plat review. See Black's Law Dictionary 1241 (8th ed. 2004) (defining "proceeding" as "[t]he regular and orderly progression of a lawsuit, including all acts and events between the time of commencement and the entry of judgment"). Preliminary plat review is an intermediate step, adopted in some municipalities, that may move the developer along to a subdivision permit, but does not by itself give the developer any approval, other than the ability to request final plat review. As the Jericho Subdivision Regulation makes clear, preliminary plat review means only that the developer and the DRB have come to a "general agreement" on the form of the subdivision and the effect of the subdivision regulation. It is fully expected that evidence provided in preliminary plat review will be used in determining whether to issue a subdivision permit and whether to impose conditions on that permit.

¶ 14. Viewing preliminary plat review and final plat review as part of one municipal regulatory proceeding is consistent with the apparent intent of the Legislature in requiring participation as a condition of the right to appeal. In 2004, the Legislature substantially amended the Municipal and Regional Planning and Development Act, chapter 117 of Title 24, and, in the process, made local participation a prerequisite for interested parties to appeal to the Environmental Court. 2003, No. 115 (Adj. Sess.), § 107. Previously, interested party status alone was sufficient. See 24 V.S.A. § 4464(b)(3). Thus, under the old law, interested parties could appeal even though the DRB had no opportunity to deal with the issue causing the appeal and the developer had no opportunity to address the issue. By enacting the amendment, the Legislature intended that the interested party state his or her opposition in the local proceeding.

¶ 15. The statutory language does not specify when the interested party must participate as long as it is within the proceeding. For

---

[7] For similar reasons, the case relied upon by appellees, *In re Champlain Oil Co.*, 2004 VT 44, is distinguishable from the situation before us. There, the developer was pursuing a subdivision permit and a site-plan permit through two separate adjudicatory proceedings leading to two separate permits. *Id.* ¶ 17.

subdivision proceedings, participation at preliminary plat review implements the intent of the Legislature, as does participation at final plat review. Indeed, in Jericho where preliminary plat review can lead to a "general agreement" between the DRB and the developer on the nature of the project, participation at that stage may be more critical for adjoining landowners who are opposed generally to the development plans, as the Carrolls were here. Once the proposal moves to final plat review, the interested parties' opposition may be too late to have any effect. Also, by that time, the DRB and developer are fully aware of the nature of the opposition of the interested party.

¶ 16. The Environmental Court appeared to recognize that subdivision review is essentially one proceeding, but held that it must find that preliminary plat and final plat review are separate proceedings because the interested party has a right of appeal from preliminary plat review. We doubt that the interested party can appeal from a decision that reflects only a "general agreement" between the developer and the DRB and that can be changed "as a result of further study," but we need not ground our decision on this point. The relevant statute, 24 V.S.A. § 4471(a), allows an interested party to "appeal a decision rendered in that proceeding." As we noted in *In re Miller*, "[c]ourt appeal is authorized for any 'decision of a board of adjustment,' [24 V.S.A.] § 4471(a), not only for decisions granting or denying permits." 170 Vt. at 76 n.5, 742 A.2d at 1227 n.5. Nothing in the statutory language suggests that one proceeding ends, and another begins, solely because the DRB renders an appealable decision. In fact, the statutory language giving the right to appeal "a decision rendered in that proceeding" suggests that there can be more than one appealable decision within a proceeding. We do not believe that the appealability of preliminary plat approval, if such a right of appeal exists, affects whether preliminary plat and final plat approval are part of the same proceeding.

¶ 17. Developers have conceded that Ms. Carroll participated in the preliminary plat review hearing before the DRB; thus we need not review this aspect of the participation requirement. That participation gave her standing to appeal from the approval of the subdivision permit. The Environmental Court erred in dismissing the appeal.

*Reversed.*