## Christine BURBO v. DEPARTMENT OF SOCIAL WELFARE

[599 A.2d 1045]

No. 90-569

June 21, 1991. Plaintiff is a recipient of public assistance from the Department of Social Welfare (DSW) under the Aid to Needy Families with Children (ANFC) program. She appeals a decision of the Human Services Board affirming a DSW decision to recoup certain overpayments at the rate of 10% of her grant amount, without considering a reduced rate of recoupment because of her particular circumstances. We reverse and remand.

In 1989, plaintiff received an overpayment of $1,258, resulting from her failure to report the earnings of a member of her household. Under both federal and state regulations, when DSW overpays certain benefits, it can recoup the overpayment by deducting a percentage of each future benefit amount until the total overpayment has been recovered. Under the applicable federal regulation, 45 C.F.R. § 233.20(a)(13)(A)(2):

> If recovery is made from the grant, such recovery shall result in the assistance unit retaining, for any payment month, from the combined aid, income and liquid resources . . . *not less than 90 percent* of the amount payable under the State plan to a family of the same composition with no other income. Where a State chooses to recover at a rate less than the maximum, it must recover promptly.

(Emphasis added.)

Under Vermont's implementing regulation, Welfare Assistance Manual (WAM) § 2234.2, where the overpayment is not the result of DSW error, recoupment may be made from ANFC payments "so long as the assistance unit retains from its combined income no less than 90% of the amount payable to an assistance unit of the same composition with no income." The retention percentage where overpayment results from DSW error is 95% rather than 90%.

DSW notified plaintiff that beginning in December 1989 her ANFC benefits would be reduced by 10% per month until the full amount of the overpayment had been recouped. At the levels then in effect, this recoupment schedule would have reduced her monthly grant from $551 to $496.

She appealed the decision to the Human Services Board, requesting that the monthly recoupment amount be reduced because she could not provide necessities for herself and her child at that level of assistance. DSW argued that its 10% recoupment level, though a maximum and not a fixed percentage under both federal and state regulations, was applied as a matter of uniform policy and that the facts in individual cases played no role in that policy. The Board in a 3–1 decision affirmed the DSW decision. The present appeal followed.

Plaintiff contends that because both federal and state regulations allow the exercise of DSW discretion in setting the recoupment level up to 10% of the assistance amount, it was an abuse of discretion for DSW to fail to consider the particular circumstances of her case. DSW responds that the Board was correct in concluding that it was allowed, but not compelled, to exercise discretion on a case-by-case basis in applying a recoupment percentage. Since it could and did apply a flat 10% recoupment deduction to plaintiff as a matter of set policy, there was no discretion to

abuse and hence no error in its decision.

The Board decision is clear that the plain meaning of the Vermont, as well as the federal, regulation allows consideration of the individual circumstances of recipients. Both regulations thus confer discretion on DSW in setting an appropriate recoupment rate in individual cases. We agree that DSW's refusal to exercise the discretion that its own regulation allows is an abuse of discretion. As the United States Supreme Court stated in *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 266–67 (1954), "[I]f the word 'discretion' means anything in a statutory or administrative grant of power, it means that the recipient must exercise his authority according to his own understanding and conscience." See Berger, *Do Regulations Really Bind Regulators?*, 62 Nw. U.L. Rev. 137, 149 (1967).

Trust in government depends in large measure on whether citizens can come to rely on ordinary readings and interpretations of the laws and regulations that affect their everyday lives. As we said in *In re Peel Gallery*, 149 Vt. 348, 351, 543 A.2d 695, 697 (1988), "An administrative agency must abide by its regulations as written until it rescinds or amends them."

The Board decision adopts DSW's argument that establishing an individualized hardship-based recoupment system would be "an administrative nightmare and would be virtually impossible to adjudicate on a consistent and equitable basis." The "administrative nightmare" scenario is a familiar one, and tells us more about resistance to change than about genuine threats to administrative efficiency. Plaintiff points out that the states of New Jersey and Washington both consider individual

hardship in some recoupment cases, and the Board's attempt to distinguish their analogous regulations is puzzling.

Further, the Board's worry that considering hardship cases will lead to inequity is without merit. Any regulatory scheme that depends on administrative discretion runs the risk of inconsistency. The solution is not to abolish the discretionary function but to improve it by developing and applying rules consistently and by creating an administrative environment in which the facts of each case can be developed clearly and expeditiously. We believe that DSW is equal to this task.

*Reversed and remanded.*

Motion for reargument denied October 9, 1991.