*Barcomb v. Menard*, 36-1-18 Wncv (Teachout, J., Feb. 26, 2018)
[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

**SUPERIOR COURT**                                       **CIVIL DIVISION**
**Washington Unit**                                      **Docket No. 36-1-18 Wncv**

**BRIAN BARCOMB**
    **Plaintiff**

    **v.**

**LISA MENARD, COMMISSIONER,**
**VERMONT DEPARTMENT OF CORRECTIONS**
    **Defendant**

### DECISION
### The DOC's Motion to Dismiss

Inmate Brian Barcomb alleges that the Vermont Department of Corrections is arbitrarily denying him compassionate leave furlough that would allow him to visit with his daughter, who is alleged to have terminal cancer and little time left to live. The DOC apparently allowed him a short, supervised visit during which he was kept shackled but otherwise has not granted compassionate leave furlough. Mr. Barcomb seeks an order from the court granting that furlough so he may have a more substantial opportunity to visit with and comfort his daughter. The DOC has filed a motion to dismiss arguing that the court lacks jurisdiction to order furlough or evaluate its determination of whether to grant it.[1] Mr. Barcomb opposes the DOC's motion. Mr. Barcomb is represented by Seth Lipschutz, Esq. The DOC is represented by Emily Carr, Esq.

The DOC has the authority to furlough an inmate "[t]o visit a critically ill relative." 28 V.S.A. § 808(a)(1). It implements this authority via Directive #372.03 (compassionate leave furlough). The Directive describes eligibility criteria and factors to evaluate. It permits both "compassionate leave furlough" and "escorted leave," a short, supervised visit. Compassionate leave furlough itself is described as leaving the facility "for a short period of time to attend a funeral of a relative or visit with a critically ill relative." The process does not include a hearing or appeal of right.

The DOC apparently allowed Mr. Barcomb a short, supervised visit with his daughter, most likely what is described in Directive #372.03 as escorted leave. He filed this case clearly seeking more substantial compassionate leave furlough. This evidently was unclear to the DOC, however, which treated his complaint as seeking, among other things, alterations to his programming.

Whatever confusion may have been present at the inception of this case, Mr. Barcomb

---

[1] The DOC seeks dismissal on a variety of other grounds as well. However, those bases for dismissal are predicated on claims that Mr. Barcomb has not asserted. The court declines to evaluate or dismiss claims that were never raised.

has clarified in briefing and letters to DOC officials that his request is for more substantial compassionate leave furlough than the short, supervised visit he already was allowed. The only response in the record is this:

> I am in receipt of your letters to Dale Crook, Kim Bushey and myself.
>
> You have taken this matter to court, so now we must wait for a decision from the court.

Letter from Cullen Bullard to Brian Barcomb (dated Jan. 29, 2018). There is no rule or legal principle that prevents the DOC from exercising its discretion in response to a request for compassionate leave furlough simply because Mr. Barcomb now is trying to litigate the matter in court. The only reasonable inference the court can draw on this record is that the DOC now is refusing altogether to exercise its discretion.

The court agrees with the DOC that it does not have jurisdiction to award furlough or otherwise substitute its own discretion for that of the DOC. However, the "refusal to exercise the discretion that its own regulation allows is an abuse of discretion" that the court may remedy. *Burbo v. Dep't of Soc. Welfare*, 157 Vt. 664, 665 (1991). "[I]f the word 'discretion' means anything in a statutory or administrative grant of power, it means that the recipient must exercise his authority according to his own understanding and conscience." *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 266–67 (1954), cited in *Burbo*, 157 Vt. at 665.

There is no basis upon which the DOC has grounds to avoid or delay the exercise of its discretion based on the filing by Petitioner of this case seeking review of governmental action. The court expects the DOC to make a prompt determination of Mr. Barcomb's request for compassionate leave furlough and to report the results to Mr. Barcomb and Attorney Lipschutz without delay.

Rule 75 (b) authorizes the court to require the filing of an Answer in individual cases, and the court will so require in this case.

ORDER

For the foregoing reasons, the DOC's motion to dismiss is *denied*. An Answer is due by March 30, 2018.

Dated at Montpelier, Vermont this _____ day of March 2018.

_____
Mary Miles Teachout
Superior Judge