LUTHER D. HERRICK'S ADMR. *v.* ALBERT W. TEACHOUT.

May Term, 1901.

Present: TAFT, C. J., ROWELL, TYLER, MUNSON, START and WATSON, JJ.

Opinion filed April 15, 1902.

*Deed intended as mortgage—Power of sale—Right to fore-close—Appeal—Foreclosure by administrator.*

Orator's intestate, in order to provide a home for his daughter, the wife of the defendant, took a deed of a farm from her and the defendant and defendant's assignee in insolvency, agreeing to relieve the

estate of certain claims and the farm of certain incumbrances, and deed the farm back to the defendant on repayment of his expenditures. He also agreed to stock the farm, the expense thereof to be a lien on the farm, and, in case the defendant failed to pay these expenditures, the farm was to be sold and the avails applied thereon, and the balance, if any, paid to the defendant. *Held,* that the deed of the farm would be regarded as a mortgage.

In determining whether an absolute deed should be regarded as a mortgage it must be construed in the light of the circumstances existing at the time of its execution, regardless of changes affecting the parties' in their relations to it.

V. S. 981 regulating appeals in foreclosure cases applies only to mortgages which are such on their face, or are recognized as such by the parties, and not to cases where the character of the instrument is in issue.

The power of sale in a mortgage is a cumulative remedy and does not prevent a foreclosure.

Under V. S. 2464 an administrator may foreclose a mortgage in favor of his intestate.

APPEAL IN CHANCERY. Heard on bill and answer, cross-bill, answer, replication and special master's report, at the September Term, 1902, Franklin County, *Stafford,* Chancellor. Cross-bill dismissed and decree for the orator. The defendant appealed.

*H. A. Burt* and *G. W. Burleson* for the orator.

The conveyance in question, though sometimes called an equitable mortgage, has all the elements and requisites, and is, in fact, a mortgage in law. 2 Bouveir's L. Dict. 440; 1 Jones on Morts., s. 241; *Seymour* v. *Darrow, et al.,* 31 Vt. 131; *Gibson* v. *Seymour,* 4 Vt. 518; *Hills et ux.* v. *Loomis,* 42 Vt. 562.

The estate created by this conveyance and the parol agreement was simply a chattel interest in the realty named therein and was not of such a nature that it would vest in his heirs. V. S. 2464. The mortgagor is the owner of the land even after condition is broken, if the mortgagee has not asserted his right. The mortgagee is simply a creditor, having a lien on the land

for his debt.  *Wilder* v. *Davenport,* 58 Vt. 642; *Collamer* v. *Langdon et al.* 29 Vt. 32.   Jones on Morts., s. 700; *Connor* v. *Whitmore,* 52 Me. 185.

The agreement that the farm might be sold is a fact having no bearing in this proceeding for a foreclosure. It lacks that definiteness which the Supreme Court of this state declares to be essential to the conferring of such a power upon the mortgagee.  *Wing's Exr.* v. *Cooper et al.,* 37 Vt. 169.   But a power of sale contained in the mortgage would have been only an additional remedy available to the orator in the event of the defendant's failing to meet his obligation.   Jones on Morts., s. 1773.   *McGowan* v. *Branch Bank of Mobile,* 7 Ala. 823.   *Fogarty* v. *Sawyer,* 17 Cal. 589.

V. S. 2464 authorizes the administrator to foreclose the mortgage of his intestate.   The debt secured by the mortgage is a personal asset in the hands of the administrator.

*C. G. Austin* and *Alfred A. Hall* for the defendant.

The appeal is correctly taken.   The exception in the provisions of V. S. 981 does not apply.   This is not a mortgage, but an absolute conveyance, and the statute only requires the permission of court to file an appeal when the decree is for the foreclosure of a mortgage.   The character of the instrument in this case was in issue, and such a conveyance is not contemplated by the statute, but if it should be held otherwise, we insist that V. S. 941, having been passed subsequent to V. S. 981, it so far amends it as to entitle the defendant to an appeal on motion in all cases referred to a special master.

We contend that this was not a mortgage.   It was not given to secure a debt or loan, but on condition that Teachout should have the right to re-purchase; the relation of mortgagor and mortgagee does not exist.   *Rich* v. *Doane, et al.,* 35 Vt. 128, 129.   *Mellish* v. *Robertson,* 25 Vt. 603; *Flagg* v. *Mann,* 14 Pick. 467 to 478.   If the court should hold

that the relation of the mortgagor and mortgagee did exist, then under the agreement, L. D. Herrick stood as a trustee, and the law and requirments applicable to a trustee and *cestui que trust,* should be applied. *Hayden* v. *Hayden,* 19 Vt. 9. It is insisted that the interest of L. D. Herrick in this farm became vested in E. D. Herrick and Lucy A. Teachout at L. D. Herrick's death, and it makes no difference whether the conveyances and verbal agreement were, in equity, a mortgage or not. If a mortgage, it cannot be enforced beyond the purpose intended by the parties to the agreement. *Newell* v. *Hulburt,* 2 Vt. 351; *Pierson* v. *Catlin &Pierson,* 3 Vt. 272; *Hyde* v. *Barney,* 17 Vt. 280; *Babbitt and Wife* v. *Bowen, et al.,* 32 Vt. 439; *Hawkins and Wife* v. *Hewett,* 56 Vt. 430.

Lucy A. Teachout, having become the owner of one-half interest in her father's estate, including his interest in the farm, it vested in her husband, A. W. Teachout, upon her death.

In case Teachout fails to pay the sum equitably due within a reasonable time to be fixed by the court, the administrator should be ordered to sell the farm, and if it sells for more than the amount of the interest belonging to L. D. Herrick, prior to his decease, the balance should be ordered paid to said Teachout, together with one-half of said interest.

Munson, J. The bill is brought to foreclose the defendant's equity of redemption in certain premises therein described. The cross-bill prays for a sale of the premises and payment from its avails. The agreement connected with the transfer was in parol, and is to be ascertained from the findings of the master. The report shows that L. D. Herrick, the orator's intestate, took deeds of the farm in question from the defendant and his wife and the defendant's assignee in insolvency, upon an agreement that he would relieve the estate from certain claims and pay the incumbrances resting upon the farm, and

deed the farm to the defendant upon his being reimbursed for these expenditures; it being also agreed that in default of such reimbursement the farm might be sold, and the proceeds be applied in satisfaction of the sums so expended, and the balance, if any, be paid to the defendant. The Court of Chancery dismissed the cross-bill, and decreed a foreclosure in default of payment of the smaller of two sums reported by the master. The defendant appeals. The orator asks no more than an affirmance of the decree.

The position of the parties will be better understood if reference be had to some further facts. L. D. Herrick died intestate, March 9th, 1896, leaving as his only heirs the orator, E. D. Herrick, and Lucy Teachout, the defendant's wife. Mrs. Teachout died February 20th, 1897, leaving a will by which she devised her interest in these premises to her husband.

The orator claims that the transaction in question was a mortgage, and that Herrick obtained only a chattel interest in the premises, and not such an interest as would vest in his heirs. The defendant claims that the transaction did not constitute a mortgage, but that Herrick became seized by virtue of his conveyances, of an interest in the farm equal to the amount expended, which interest vested in his heirs at his death; and that the defendant is now the owner of one-half of that interest by virtue of Lucy Teachout's will, and entitled to a deed thereof upon paying one-half of the amount paid out by Herrick. The orator claims that inasmuch as this was a mortgage, the appeal was improperly taken, and should be dismissed. The defendant contends that, even if it be considered a mortgage, it is not a conveyance of the character contemplated by V. S. 981 relating to chancery appeals.

The language of the main finding is that Herrick was to "reconvey" the farm to Teachout. This is not determinative of the nature of the transaction, for a conveyance might be in-

tended either as the discharge of a mortgage or a transfer of title.    Courts have often found it difficult to determine whether the transaction in question was a mortgage or an absolute sale with a right of repurchase.    It is said that the intention of the parties must govern whenever it can be ascertained, and that no form of words will be conclusive upon the courts.    Chase's Case, 17 Am. Dec. 300, note.    It is certain that the existence of some debt or obligation to be secured is essential to the creation of a mortgage, but the question whether this requisite exists is generally included in the question of intention.    The master says that Herrick entered into this arrangement in order to save the farm as a home for his daughter.    This affords nothing determinative, for it was not necessary that he should buy the farm to accomplish that purpose.    The natural conclusion seems to be that he intended to save the place by relieving it from the existing incumbrances, becoming himself the creditor of Teachout, and giving him a further opportunity to redeem.    Perhaps this view is required by the additional statement that Herrick agreed to stock the farm, and that whatever he paid for the same "was to be a lien on the farm the same as other money paid out by him for the benefit of Teachout."

It is clear that, if the situation of the parties had remained unchanged, and the question had arisen between L. D. Herrick and the defendant, the transaction would have been held a mort · gage under these findings, however inconclusive they may be regarded.    It is said that in all doubtful cases the law will construe the contract to be a mortgage, because such a construction is most likely to attain the ends of justice and prevent fraud and oppression.    It is evidently feared that an application of this rule to the present case in the changed circumstances of the parties will work injustice to the defendant, rather than afford him protection.    But the ruling cannot be controlled by this fact; for the contract must be construed in the light of the circumstances which existed at its date, and must

stand as it was made, whatever the changes affecting the parties in their relations to it.

Although the conveyance is held to be a mortgage, we consider the case properly here.   We think the provision in regard to appeals in foreclosure cases applies only to mortgages which are such upon their face, or recognized as such by the parties, and not to cases where the character of the instrument is in issue.

The orator is entitled to a decree of foreclosure in default of payment, notwithstanding the provision for a sale of the premises.   The power of sale is a cumulative remedy, and does not deprive the mortgagee of the right to foreclose.   Jones on Mort., § 1773.   The mortgage can be foreclosed by the orator as administrator of L. D. Herrick.   V. S. 2464.   The other question touched upon is not in the case.   It is for the Probate Court to determine the distribution in the first instance.

*Decree affirmed and cause remanded.   Let a further time for redemption be fixed below.*