[No. 37546. Department One. April 15, 1965.]

SENFOUR INVESTMENT CO., INC., *Respondent*, V. KING COUNTY, *Appellant*.*

*Charles O. Carroll, James E. Kennedy,* and *William L. Paul, Jr.,* for appellant.

*Croson, Johnson & Wheelon,* by *Willard Hatch,* for respondent.

OTT, J.—The Heart of Seattle Hotel Co., Inc., commenced this action to recover from King County $2,000 which had been paid, under protest, contending the payment was a double assessment of a real-estate transfer tax. It was stipulated that Senfour Investment Co., Inc., be substituted as plaintiff, it having obtained title to the claim by virtue of an assignment.

The cause was tried to the court, which found the following facts:

(1) That on or about July 24, 1961, Fred P. Streib offered to purchase from Thomas F. Gates the property

*Reported in 401 P.2d 319.

more commonly known as the Earl Hotel, in accordance with an earnest money receipt which is attached to the stipulation on file herein, which earnest money provided that the purchaser was "Fred P. Streib, with right prior to closing *to nominate a Washington corporation as purchaser* in his place and stead."

(2) That it was the intention of Fred P. Streib to put title to said property *into a corporation to be known as Heart of Seattle Hotel Co., Inc.* That said corporation was not in existence on October 3, 1961, the time set for closing of said sale, although it was in the planning stages.

(3) That because said corporation had not been formed at a time when the closing documents had to be signed, said Streib made a nomination to Fred P. Streib, Lee Sutliffe and Kenneth C. Davis as purchasers in place of said corporation in order to meet the closing date on the earnest money of October 3, 1961. That a real estate contract, which is an exhibit attached to the stipulation, was executed on or about October 3, 1961, showing a total purchase price of $200,000, for which a sales tax of $2000 was paid on October 5, 1961 by the seller, Gates.

(4) On October 20, 1961, the Heart of Seattle Hotel Co., Inc. was incorporated and thereafter on November 24, 1961, said Streib, Sutliffe and Davis presented to the Treasurer of the defendant, three quit-claim deeds and three real estate sales tax affidavits, which are a part of the evidence herein, transferring their interest in and to said Earl Hotel property to the plaintiff corporation for a nominal consideration. Each sales tax affidavit contained a recitation that there was no consideration and no sales tax required. The Treasurer of the defendant refused to accept the affidavits and assessed a tax of $666.67 on each deed, or a total of $2000. A protest was incorporated on the affidavit.

(5) Between October 3, 1961 and the time said property was transferred to the corporation, Fred P. Streib maintained a bank account *as trustee for the Earl Hotel, and the conduct of the parties, Davis, Streib and Sutliffe, was at all times as trustees of said property for the corporation to be formed.* That there was no intent on the part of Davis, Streib and Sutliffe to do more than hold the naked contract interest for the benefit of the plaintiff corporation when formed.

AND FROM THE FOREGOING findings of fact, the court makes the following

"Conclusions of Law

(1) That there was, in fact, only one taxable transaction in connection with the sale of the Earl Hotel property by Gates to the plaintiff corporation, and the defendant improperly collected a second tax of $2000 on November 24, 1961, which should be refunded to Senfour Investment Co., Inc., the successor to the plaintiff. (Italics ours.)

From the judgment entered accordingly, King County has appealed.

Appellant asserts that "There is no issue of fact in this case. The conflict is between legal theories." Appellant's theory is that the facts established two sales and two taxable events, and respondent's theory is that there was but one sale and one taxable event.

RCW 28.45.010 and King County Ordinance 7.04.010 define "sale" as follows:

As used in this chapter, the term "sale" shall have its *ordinary meaning* and shall include any conveyance, grant, assignment, quitclaim, or transfer of the ownership of or title to real property . . . *for a valuable consideration* . . . . RCW 28.45.010. (Italics ours.)

The stipulated facts admit that the individual incorporators held title to the property in trust for the corporation from October 3, 1961, to November 24, 1961:

(5) That from the time of its acquisition until its transfer to the Heart of Seattle Hotel corporation, Fred P. Streib acted as Trustee for the property as indicated by the attached bank statement.

(6) That the corporation did not complete the purchase of the hotel initially because the same had not been incorporated when it became necessary to close in order to avoid losing the sale.

The facts established that Thomas F. Gates sold the property to the trustees, who held title to it until the corporation could be formed. This sale constituted a taxable event. The statutory requirement that a sale be for a "valuable consideration" was met, and the tax paid.

When the trustees promptly conveyed the title by quitclaim deed to the newly formed corporation, the trans-

fer was simply the mechanical performance of the obligation of the admitted trust. Such a transfer does not constitute a sale in "its ordinary meaning." *Deer Park Pine Industry v. Stevens Cy.*, 46 Wn.2d 852, 857, 286 P.2d 98 (1955).

Appellant relies upon *Washington Sav-Mor Oil Co. v. State Tax Comm'n*, 58 Wn.2d 518, 364 P.2d 440 (1961). In the cited case, the beneficial interest in the property had been vested for nearly 10 years in the Time Oil Company. There was no contention that Time Oil Company had been holding the property involved as a trustee for its subsidiary, Washington Sav-Mor Oil Company. Nor was there any evidence which would sustain such a finding.

In the case at bar, the earnest-money receipt expressly contemplated the establishment of a Washington corporation to accept the title. The incorporators accepted title only because the legal processes necessary to form the corporation had not been completed at the closing date. They did not, as individuals, own a beneficial interest in the property, but, as stipulated, they held the property as trustees for the corporation during the interim period. As soon as the corporation was formed, they performed the obligation of their trust and conveyed the property to the corporation. Such a conveyance is not a sale for a valuable consideration, as required by the statute.

Finally, appellant contends that a trustee cannot hold property for a cestui que trust which is not in being at the time the trust is established. We do not agree. Parties may legally contract to establish a trust for the benefit of another, as long as the agreement is not against public policy. *Slemmons v. Shotwell*, 64 Wn.2d 595, 392 P.2d 1007 (1964). We find nothing against public policy for persons to agree to hold the title to property in trust, to be conveyed promptly to a corporation then in the process of being chartered. It is not necessary that the cestui que trust be in existence at the time of the creation of the trust. *Bruun v. Hanson*, 103 F.2d 685 (1939); Restatement, Trusts § 112 Comment e, p. 291.

The judgment is affirmed.

ROSELLINI, C. J., HILL and HALE, JJ., and BARNETT, J. Pro Tem., concur.

September 20, 1965. Petition for rehearing denied.