# Cedric Wetherbee, Marilyn Wetherbee and Wetherbee's Barbecue Service, Inc. v. State of Vermont

[315 A.2d 251]

No. 46-73

Present: Shangraw, C.J., Barney, Smith, Keyser and Daley, JJ.

Opinion Filed February 5, 1974

*Myers & Cleveland,* Essex Junction, for Plaintiffs.

*Kimberly B. Cheney,* Attorney General, and *Georgiana O. Miranda,* Assistant Attorney General, for Defendant.

166

**Barney, J.** This is a declaratory judgment action opposing the imposition of a transfer tax on certain property transactions. The trial court gave judgment in favor of the plaintiffs and barred the tax assessment by the state tax department. The state has appealed.

The facts are uncontested. The plaintiffs, Wetherbee, husband and wife, run a small catering business located on premises owned by them. The business was incorporated. Wishing to obtain additional funds for business improvements, the plaintiffs applied to a bank for a loan. The loan was approved on condition that the property on which the business was located be transferred to the corporation so that the mortgage might stand in the corporate name and be secured by the real estate. This seems to have been done, in part, at least, to permit the bank to charge the interest rate appropriate to commercial loans.

There were three instruments involved. First, a deed from the Wetherbees to the corporation, with no consideration involved. Second, a mortgage deed from the corporation to the bank securing the loan. Third, a deed from the corporation back to the Wetherbees, subject to the new mortgage for which no consideration was exchanged. All this was carried out as a single transaction.

The tax department assessed a transfer tax on the conveyance from the plaintiffs Wetherbee to the corporation, and again on the transfer from the corporation back to the Wetherbees. The plaintiffs were thus faced with the burden of a tax liability of $797.14 on account of a gratuitous transfer whose only purpose was to subject them to an increased interest burden for money borrowed. The amount of the tax charge is not questioned, only its application to this kind of transfer.

The state's position is that 32 V.S.A. § 9602 imposes the tax, and, since the two transfers are not within the exemptions listed in 32 V.S.A. § 9603, the tax must be collected.

The two sections read as follows:

9602. Tax on transfer of title to property

A tax is hereby imposed upon the transfer by deed of title to property located in this state. The amount of the tax equals five-tenths of one per cent of the value

of the property transferred, or $1.00, whichever is greater.

9603. Exemptions

The following transfers are exempt from the tax imposed by this chapter:

(1) Transfers recorded prior to the effective date of this act;

(2) Transfers of property acquired by the United States of America, the state of Vermont, or any of their instrumentalities, agencies or subdivisions;

(3) Transfers to secure a debt or other obligation;

(4) Transfers which, without additional consideration, confirm, correct, modify, or supplement a transfer previously recorded;

(5) Transfer between husband and wife, or parent and child, or grandparent and grandchild, without actual consideration therefor;

(6) Transfers pursuant to a public sale for delinquent taxes;

(7) Transfers of release of property which is security for a debt or other obligation;

(8) Transfers of partition;

(9) Transfers made pursuant to mergers or consolidations of corporations;

(10) Transfers made by a subsidiary corporation to its parent corporation for no consideration other than cancellation or surrender of the subsidiary's stock;

(11) Transfers made to a corporation for no consideration other than not less than eighty per cent of its then issued and outstanding capital stock. This exemption does not apply to transfers where more than seventy-five per cent of the reasonable value of the consideration, as determined by the commissioner, may be allocated to land;

(12) Transfers made to, or made by, a development corporation or local development corporation as they are defined under section 202(4) and section 222(4) of Title 10;

(13) Transfers made to, or made by, an authority established pursuant to chapters 11 or 11A of Title 10.

The transfer between the bank and the corporation was recognized as tax exempt under subsection (3) of 32 V.S.A. § 9603. The plaintiffs claim that the other two transfers so clearly partook of that same character under the facts of this case that all three should be treated alike. The state insists that since the two transfers between the plaintiffs and the corporation were not themselves security transactions, they do not fall within the exemptions.

■■ This Court agrees with the lower court that such an approach takes too mechanical a view of the taxing statute. The intention of the legislature as it relates to security transactions is plainly stated. They are exempt from the tax. If the tax is to be enforced according to its substantive import, the tax department must not be confined to the labels on transactions. It should be free to challenge a transfer as taxable which is on its face a mortgage, but which is in fact intended to be used as a vehicle to transfer ownership.

■■ If the tax burden is to be justly imposed, there must be a corresponding right in the taxpayer to establish that an apparently taxable transfer is, in substance, eligible for exemption. It is established doctrine in Vermont law that an instrument on its face a deed of property may in fact be a mortgage instrument. See *Herrick's Admr.* v. *Teachout,* 74 Vt. 196, 201, 52 A. 432 (1902). Unquestionably the burden must be on the taxpayer to establish that fact, but, once established, the exemption should apply.

■ The same is true in the situation before us. Once the facts establish, in substance, as they do here, that the transfer is to secure a debt, the exemption applies. The lower court correctly interpreted the agreed facts and soundly applied the law.

*Judgment affirmed.*