ARONSON, J.
 

 The single issue in these cases is whether a conveyance of real estate to a corporation wholly owned by the grantor is subject to a real estate conveyance tax based on the amount stated in the deed or on the value of the interest being conveyed. Both cases involve a transfer of real estate to a corporation wholly owned by the grantor, followed immediately
 
 *357
 
 thereafter by a conveyance from the corporation to a nonrelated third party for the full value of the property.
 

 In the first case, the plaintiff, Stanley Bjurback, the sole shareholder of Scandesign Homes, Inc., a Connecticut construction corporation, conveyed a subdivision lot and house in the city of Danbury (city) by quitclaim deed to Scandesign Homes, Inc., for $1 stated consideration. On the next day, Scandesign Homes, Inc., transferred its interest by warranty deed to Isauro Fernandez and Tracy Meyer Fernandez for the stated price of $280,000. Scandesign Homes, Inc., paid a conveyance tax of $1400 to the state, and $308 to the city pursuant to General Statutes § 12-494 (a). No conveyance tax was paid by Bjurback for the transfer to Scandesign Homes, Inc.
 

 In the second case, the plaintiff, Landsiedel Estate Partnership, the sole shareholder of First Landsiedel Corporation, a Connecticut construction corporation, conveyed a subdivision house and lot in the city by quitclaim deed to First Landsiedel Corporation for $1 stated consideration. On the same day, First Landsiedel Corporation conveyed the same premises by warranty deed to Barbara Kiselak for $115,000. First Landsiedel Corporation paid a real estate conveyance tax of $575 to the state of Connecticut and $126.50 to the city pursuant to § 12-494 (a). No conveyance tax was paid by Landsiedel Estate Partnership for the transfer of title to First Landsiedel Corporation.
 

 The defendant, the commissioner of revenue services (commissioner), assessed a real estate conveyance tax against Bjurback in the amount of $1400, and a derivative tax of $308 to the city, plus interest and penalty, for the transfer from Bjurback to Scandesign Homes, Inc.
 

 The commissioner assessed a real estate conveyance tax against Landsiedel Estate Partnership in the amount of $317.70, plus interest and penalty, for the transfer
 
 *358
 
 of the property from Landsiedel Estate Partnership to First Landsiedel Corporation. For purposes of this assessment, the commissioner determined that the consideration received by Landsiedel Estate Partnership was $63,540, the value of the lot portion of the transaction.
 

 The common issue in both cases requires an analysis and interpretation of § 12-494 (a), which provides in pertinent part that “[t]here is imposed a tax on each deed, instrument or writing, whereby any lands, tenements or other realty is granted, assigned, transferred or otherwise conveyed to, or vested in, the purchaser, or any other person by his direction, when the consideration for the interest or property conveyed equals or exceeds two thousand dollars . . . .”
 

 The plaintiffs claim that when there is a conveyance to a wholly owned corporation that subsequently conveys the real estate to the ultimate owner, no conveyance tax is due on the first step of this transaction. The plaintiffs do not view the conveyance of realty to a corporation to apply where the grantor is the sole owner of the grantee corporation. In a sense, the plaintiffs see this kind of transaction as transferring property from one “pocket” to another “pocket.” The plaintiffs rely on two cases,
 
 Senfour Investment Co.
 
 v.
 
 King County,
 
 66 Wash. 2d 67, 401 P.2d 319 (1965), and
 
 Wetherbee
 
 v.
 
 State,
 
 132 Vt. 165, 315 A.2d 251 (1974).
 

 Neither
 
 Senfour Investment Co.
 
 nor
 
 Wetherbee
 
 support the plaintiffs’ position in these cases. In
 
 Senfour Investment Co.,
 
 trustees of a corporation yet to be formed took title to real estate so that when the corporation was formed, the trustees could convey title to it. The court in
 
 Senfour Investment Co.
 
 concluded: “When the trustees promptly conveyed the title by quitclaim deed to the newly formed corporation, the transfer was simply the mechanical performance of the obligation
 
 *359
 
 of the admitted trust. Such a transfer does not constitute a sale in its ordinary meaning.” (Internal quotation marks omitted.)
 
 Senfour Investment Co.
 
 v.
 
 King
 
 County, supra, 66 Wash. 2d 69-70.
 

 Similarly,
 
 Wetherbee
 
 involved husband and wife property owners who used their real estate to procure a loan. The property owners conveyed their business property to their corporation, which executed a mortgage deed to the bank to receive the loan. The corporation reconveyed the property back to the property owners subject to the mortgage. The court in
 
 Wetherbee
 
 pointed out that this transaction was exempt from a conveyance tax by virtue of the Vermont statute specifically exempting, “[transfers to secure a debt or other obligations . . . .”
 
 Wetherbee
 
 v. State, supra, 132 Vt. 167.
 

 The Bjurback and Landsiedel conveyances were neither trust arrangements nor financing arrangements. The obvious purpose of the conveyances in the present actions was to provide immunity from liability between the original owners of the property and the ultimate purchasers. Each of the quitclaim deeds from Bjurback and Landsiedel Estates Partnership to their respective wholly owned corporations insulate the original sellers on the sale by warranty deed from the corporations to the ultimate purchasers.
 

 The commissioner’s position is that the consideration for the conveyance of real estate to Scandesign Homes, Inc. and First Landsiedel Corporation was the increased value to the corporation caused by the conveyance to it of the real estate as measured by the subsequent sale to an arm’s-length purchaser. The commissioner assumes an increase in the value of the shares of corporate stock owned by the grantor regardless of whether such shares were actually exchanged.
 

 
 *360
 
 The commissioner relies on an opinion from the attorney general to support his position that a conveyance to a wholly owned corporation is subject to the real estate conveyance tax. See Opinions, Conn. Atty. Gen. No. 89-020 (August 15, 1989) pp. 110, 113 and 119.
 

 “Although an opinion of the attorney general is not binding on a court, it is entitled to careful consideration and is generally regarded as highly persuasive.” (Internal quotation marks omitted.)
 
 State Medical Society
 
 v.
 
 Board of Examiners in Podiatry,
 
 208 Conn. 709, 720, 546 A.2d 830 (1988). The attorney general’s opinion noted that the Connecticut real estate conveyance tax was modeled on the federal Documentary Stamp Tax, which was repealed by the Excise Tax Reduction Act. 26 U.S.C. § 4041 et seq. (1965). The Connecticut act, as originally passed, incoiporated much of the wording of the repealed federal statute. Under the federal regulations, as set forth in 26 C.F.R. § 47.4361-2 (1988), a conveyance of realty to a corporation in exchange for its shares of stock would be subject to the federal conveyance tax.
 

 The court agrees with the attorney general that the “exchange of consideration is the touchstone for determining which transactions are subject to Connecticut’s real estate conveyance tax . . . .” Opinions, Conn. Atty. Gen., supra, p. 118. Section 12-494 (a) imposes a tax on the deed of conveyance “when the consideration . . . equals or exceeds two thousand dollars . . . .” From the standpoint of legislative history, § 12-494 was amended by Public Acts 1989, No. 89-205, § 1, when it substituted the word “consideration” for the phrase “full purchase price.” As it was stated during House debate, “the bill restores the language of consideration, instead of the language fall purchase price, because some people have erroneously concluded that the term full purchase price applies only to . . . that portion of the consideration where cash
 
 *361
 
 is received, and that is not the case.” 32 H.R. Proc., Pt. 13, 1989 Sess., pp. 4378-79, remarks of Representative William J. Cibes, Jr.
 

 The attorney general concluded that the consideration for the conveyance of realty to the corporation was the increase in the value of the stock of the corporation. The attorney general noted that the measure of the tax in such instances would be the fair market value of the realty as of the time of the conveyance. Opinions, Conn. Atty. Gen., supra, p. 119.
 

 The plaintiffs seek support from Judge Eldridge of the Maryland Court of Appeals in his dissenting opinion in
 
 Dean
 
 v.
 
 Finder,
 
 312 Md. 154, 166, 538 A.2d 1184 (1988). Eldridge basically saw the first step transfer in the present cases as merely a change in the form of ownership of the properties resulting in a double taxation of the original owner. Id., 168-70. At first blush, this makes sense. The majority opinion in
 
 Dean
 
 is more instructive to us, however, because in that case the statutory imposition of the Maryland conveyance tax was based on the “actual consideration paid or to be paid for the conveyance of title . . . .” Id., 159. The majority opinion in
 
 Dean
 
 construed the use of the word “actual” not to limit the meaning of “consideration” to just money alone, but rather to emphasize that consideration was based upon “the ‘real economic benefit’ to the grantor, in whatever form that benefit may take.” Id.
 

 In Dean,
 
 the plaintiffs purchased two hotel properties and created a corporation known as the Imperial Hotel, Inc. Having no assets in the corporation, the plaintiffs caused the corporation to issue shares of stock to each of the plaintiffs. Subsequently, the plaintiffs conveyed the two pieces of property to the corporation. The corporation made no payments to the plaintiffs, nor was any additional stock issued. When the plaintiffs sought to record the deed, they marked the appended affidavit
 
 *362
 
 of consideration that no consideration was paid for the transaction. The clerk refused to accept the deed without payment of the conveyance tax. The court upheld the imposition of the conveyance tax on the transfer of the properties to the corporation. Id., 165.
 

 The court in
 
 Dean
 
 reasoned that “a corporation is a distinct legal entity, separate and apart from its stockholders. . . . Thus, where a corporation takes title to real property, it holds that property in its own name and right, and a stockholder, as such, does not hold legal title.” (Citations omitted.) Id., 164. The court concurs with this reasoning. It is the actual consideration flowing between the parties that is determinative of value, not the amount of money or other tangible property that may have been exchanged, or what may have been stated on the deed as to value. Id., 162; see Regs., Conn. State Agencies § 12-494-1 (a). Whether a transaction meets the $2000 threshold in § 12-494 is not determined by simply looking at the amount stated on the deed, but rather by looking to see if the “real economic benefit” to the grantor exceeds $2000. See
 
 Dean
 
 v.
 
 Pinder,
 
 supra, 312 Md. 159. The “real economic benefit” to the plaintiffs in these cases was more than the $1 stated on the deed, and more than the $2000 threshold set by § 12-494, as evidenced by the sale to the ultimate purchasers. The “real economic benefit” to the plaintiffs was the increase in the value of the assets of the corporations, and hence, the value of the plaintiffs’ shares of stock in the corporations. See id., 165. The plaintiffs further benefited from the limitation of liability to them from subsequent owners of the property previously conveyed to the corporation by quitclaim deed. See id. If liability to subsequent owners was not a factor, a conveyance from the grantor to the ultimate purchaser could have been made without the necessity of transferring title first to the wholly owned corporation.
 

 
 *363
 
 Our legislature has seen fit to exempt seventeen transfers of title from the imposition of the real estate conveyance tax. General Statutes (Rev. to 1991) § 12-498. Unlike Vermont, which exempted “[transfers made to, or made by, a development corporation”;
 
 Wetherbee
 
 v.
 
 Stale,
 
 supra, 132 Vt. 167; Connecticut does not provide for an exemption of transfers such as those existing in the present cases.
 

 Unless the legislature caives out an exemption to the imposition of the real estate conveyance tax to include a conveyance to a corporation by the sole stockholder of that corporation, the court cannot, by judicial construction, limit the meaning of “consideration” in § 12-494 to accomplish the same purpose. The attorney general’s opinion, our state regulations, legislative history, and court decisions in our sister state of Maryland support this conclusion.
 

 Accordingly, the plaintiffs’ appeals are dismissed.