Rodolphe J. VALLEE, Elizabeth W. Vallee, Rodolphe M. Vallee and Timothy L. Vallee d/b/a Vallee Farms v. STATE of Vermont

[678 A.2d 1255]

No. 94-575

April 3, 1996. Owners of Vallee Farms (sellers) sold a farm enrolled in the Working Farm Tax Abatement Program (WFTAP). They appeal from a decision of the State Board of Appraisers, which assessed the repayment of benefits in the

___

amount of $6,657.60 against sellers because purchasers of the farm did not earn at least one-half of their gross income from farming. We affirm.

Sellers owned and operated a farm enrolled in the WFTAP. Under the program, their property taxes were reduced by $6,657.60 over two years. On December 29, 1993, they sold the farm to Frederick Magdoff and Amy Demarest (purchasers), who recorded the deed January 7, 1994. At the time of the conveyance, Mr. Magdoff was a member of the faculty at the University of Vermont and Ms. Demarest was a teacher in the Milton schools. They continued to hold these positions after purchasing the farm. The Department of Taxes Property Valuation and Review Division determined that the land had been sold to nonfarmers and ordered repayment of the benefits. Sellers appealed to the State Board of Appraisers, which concluded that purchasers were nonfarmers and therefore required repayment. Sellers appeal.

The WFTAP provides a reduction in property taxes for properties enrolled in the program. 32 V.S.A. § 3765(a). The state reimburses the municipality for these reductions. 32 V.S.A. § 3765(b). If the property is converted to nonfarm use, however, the owner must repay benefits for the five most recent years. 32 V.S.A. § 3774(a). At the time of the sale of the farm in this case, 32 V.S.A. § 3764(2)(B) provided that any conveyance by deed of property enrolled in the program constituted conversion to nonfarm use. There is no dispute that sellers conveyed the property at issue.

Section 3764(2), however, also provides three exceptions. Sellers maintain that they fall under one of these exceptions, which states: "it shall not be considered a conversion to nonfarm use . . . to convey property enrolled in the program to a farmer who maintains the property's status as eligible property." 32 V.S.A. § 3764(2). The dispute in this case con-

cerns whether purchasers are "farmers," qualifying sellers under this exception. Section 3764(5) states that "farmer" shall have the same meaning as under § 3752, which states: "'Farmer' means a person who earns at least one-half of his annual gross income from the business of farming . . . ." The State Board of Appraisers held that purchasers were not farmers at the time that they purchased the farm because they did not earn at least one-half of their 1993 gross income from farming. Sellers maintain that purchasers were farmers because they began earning at least one-half of their annual income from farming when they purchased the farm at the end of 1993.

We do not decide the legal issue presented here — when purchasers must earn one-half of their income from farming to qualify sellers under the tax repayment exception — because, even under the test sellers urge us to adopt, they have failed to meet their burden. Sellers are required to repay the WFTAP benefits upon conveyance of the property. The department showed that sellers conveyed the property on December 29, 1993. Sellers have the burden of establishing that an exception applies. Cf. *Wetherbee v. State*, 132 Vt. 165, 168, 315 A.2d 251, 253 (1974) (burden on taxpayer to establish exemption from property transfer tax applies). They failed to do so under either interpretation of the statute.

Although sellers maintained that purchasers began receiving fifty percent of their income from farming when they received their first milk check, they presented no evidence to support this assertion. Before the Board, they claimed that it was the State's burden to prove that purchasers were not farmers, that they had no access to purchasers' tax records or financial information, and that they had no evidence of purchasers' income from farming or otherwise. Indeed, sellers urged the Board to require the de-

partment to wait for purchasers to file their 1994 tax returns to determine whether purchasers were farmers with respect to the farm conveyance.

To counter sellers' unsupported assertion that purchasers were farmers, the department relied on purchasers' 1993 tax returns and a telephone call to purchasers to confirm that they did not earn at least one-half of their income from farming. Because sellers presented no evidence, they failed to meet their burden of showing purchasers meet the § 3752 definition of farmers.

Next, sellers argue that a 1995 amendment to § 3764 should be applied retroactively because the amendment is remedial in nature. In 1995, the Legislature amended the exceptions to § 3764(2), which now provides that a conveyance to "*an owner* who maintains the property's status as enrolled property under any of the use value tax programs of this chapter" shall not be considered a conversion to nonfarm use. 1995, No. 20, § 1 (emphasis added). Under this amendment, purchasers of property enrolled in the WFTAP need not meet the previous income requirements to fall under the exception. The amendment went into effect on July 1, 1995. 1 V.S.A. § 212. Sellers maintain that the amendment cures a defect in the statute, is therefore remedial in nature, and should be applied retroactively. We disagree.

Ordinarily, tax exemptions are construed strictly against the taxpayer. *Chamberlin v. Vermont Dep't of Taxes*, 160 Vt. 578, 580, 632 A.2d 1103, 1104 (1993). Sellers provide no support for their claim that the statutory amendment cures a defect, rather than changing the class of persons who benefit from the exemption, nor any support for retroactive application of a tax exemption. Moreover, sellers failed to show that purchasers maintain the property under a covered use value program, and thus,

failed to meet their burden even if the amendment applied.

*Affirmed.*

Motion for reargument denied April 29, 1996.