[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON CROSS MOTIONS FOR SUMMARY JUDGMENT
The plaintiff, Andrew J. Mandell, filed this appeal from a decision of the commissioner of revenue services assessing a conveyance tax, plus interest and penalty, on the transfer of his property located at 220-244 Hartford Avenue in Newington to a limited liability company. Both the plaintiff and the defendant, Commissioner of Revenue Services (commissioner), filed cross motions for summary judgment. The parties do not dispute the following facts.
For many years prior to 1997, the plaintiff was the sole owner of commercial real estate at 220-244 Hartford Avenue. The plaintiff reported the rental income from the properties as personal income on his federal CT Page 14826 tax return form 1040 in the years prior to 1997. On August 7, 1997, the plaintiff formed Mandell Properties, LLC ("Mandell Properties"), a Connecticut limited liability company in which the plaintiff was, and continues to be, the sole owner and member of the company.
On September 24, 1997, the plaintiff conveyed his interest in 220-244 Hartford Avenue to Mandell Properties by quit claim deed. The quit claim deed recited that the transfer was for no consideration. The plaintiff did not pay a conveyance tax on the transfer.
After an audit, the commissioner assessed the plaintiff a conveyance tax of $56,200, along with interest and penalty. The plaintiff protested the audit assessment, and the commissioner issued a final decision denying the plaintiffs protest. The commissioner claims that when the plaintiff transferred title to the subject property to the limited liability company, he incurred a conveyance tax based on the fair market value of the property, which the commissioner determined to be $5,620,000.
Prior to 1997, a Connecticut limited liability company, pursuant to Connecticut General Statutes § 34-101, was required to have two or more members. A limited liability company is of recent origin in Connecticut. "The Connecticut Limited Liability Company Act, General Statutes §§ 34-100 to 34-242, inclusive, was adopted in 1993 and is generally similar to the model act promulgated in 1995 by the Uniform Laws Commissioners. The allure of the limited liability company is its unique ability to bring together in a single business organization the best features of all other business forms — properly structured, its owners obtain both a corporate-styled liability shield and the pass-through tax benefits of a partnership." (Citations omitted; internal quotation marks omitted.) PB Real Estate, Inc. v. DEM II Properties,50 Conn. App. 741, 742, 719 A.2d 73 (1998).
In early 1997, the General Assembly amended General Statutes § 34-101
to provide that a Connecticut limited liability company could consist of only one member. Public Acts 1997, No. 97-70, § 2. This amendment permits an individual with unlimited personal liability to form a one person company and thereby conduct his or her business with only limited liability. The reason for this legislative change, as we discuss later, was the promulgation of a regulation by the Internal Revenue Service (IRS) that provided, for federal tax purposes, a single member entity (other than a corporation) would be presumptively "disregarded as an entity separate from its owner." 26 C.F.R. § 301-7701-3(b).
Shortly after the enactment of Public Act 97-70 when the plaintiff formed Mandell Properties as a limited liability company, Mandell CT Page 14827 Properties was treated under federal regulations as a "disregarded entity" for federal tax purposes and the plaintiff filed no separate federal or state income tax returns for Mandell Properties.
The plaintiff relies on the statutory language in General Statutes § 34-113, which recites, "[a] limited liability company formed under sections 34-100 to 34-242, inclusive . . . shall be treated, for purposes of taxes imposed by the laws of the state or any political subdivision thereof in accordance with the classification for federal tax purposes." The plaintiff reasons that since the IRS treats Mandell Properties as a disregarded entity, the plaintiff and Mandell Properties are one and the same, so no conveyance tax should be due on his transfer of the property to the single member limited liability company.
The commissioner presents three arguments to support his claim that the plaintiffs transfer was subject to a conveyance tax. The commissioner first argues that the transfer of title from the plaintiff to Mandell Properties should be treated in the same way that an individual transfers property to a corporation. The commissioner relies on DeAngelis v.Commissioner of Revenue Services, Superior Court, Tax Session, judicial district of Hartford, Docket No. 95 0551317 (August 2, 1996), aff'd,45 Conn. App. 910, 693 A.2d 307 (1997) (per curiam). In DeAngelis, we stated: "When the plaintiff transferred the real estate to the corporation, it was the corporation that held title to the real estate. . . . Thus, where a corporation takes title to real property, it holds that property in its own name and right, and a stockholder, as such, does not hold legal title." (Citations omitted; internal quotation marks omitted.) Id., pp. 5-6. The commissioner sees no difference between a conveyance to a corporation by a controlling shareholder and a conveyance to a limited liability company by a controlling member.
The commissioner's second argument is that prior to 1999, a conveyance to a limited liability company triggered a conveyance tax even though there was no change to the beneficial ownership. The reason that the commissioner takes this position was the enactment ofPublic Act 99-231 § 1, which amended General Statutes § 12-498 (a) to provide: "(a) The tax imposed by section 12-494 shall not apply to: . . . (17) transfers or conveyances to effectuate a mere change of identity, or form of ownership or organization, where there is no change in beneficial ownership." The legislature further provided that "section 1 shall take effect October 1, 1999, and shall be applicable to transfers made on or after said date." Public Acts 1999, No. 99-231 § 7.
The commissioner points out that where the legislature made the exemption from the conveyance tax to take effect on October 1, 1999, it CT Page 14828 expressed an intent not to have the exemption apply retroactively to the date of the plaintiffs transfer in 1997. The commissioner therefore reasons that no exemption existed for the plaintiff at the time of his transfer to Mandell Properties in 1997.
The commissioner's third argument is that the plaintiff misconstrues the legislative intent as expressed in § 34-113, in that the intent of § 34-113 was not to create an exemption from the conveyance tax but rather but rather to shift the taxable income from the limited liability company to the individual.
The statutory scheme for imposition of the conveyance tax begins with General Statutes § 12-494 (a), which states: "There is imposed a tax on each deed, instrument or writing., whereby any lands, tenements or other realty is granted, assigned, transferred or otherwise conveyed to, or vested in, the purchaser, or any other person by his direction, when the consideration for the interest or property conveyed equals or exceeds two thousand dollars."
Exemptions from the conveyance tax are enumerated in General Statutes § 12-498. The pertinent exemption that applies to the transaction in this case, which was in existence in 1997 when the transfer of the subject property occurred, is "(a) (10) deeds, when the consideration for the interest or property conveyed is less than two thousand dollars." As we have noted, in 1999 the legislature added another exemption to the conveyance tax. This exemption appears above in § 12-498 (a) (17) and specifically excludes from taxation a transfer such as the one here where the transfer does not change the beneficial ownership. Because we agree with the commissioner that Public Act 99-231 § 1 does not act retroactively, the plaintiff cannot benefit from the 1999 amendment adding this exemption when his transfer of title occurred in 1997.
"In determining the intended effect of a later enactment on earlier legislation, two questions must be asked. First, was the act intended toclarify existing law or to change it? Second, if the act was intended to make a change, was the change intended to operate retroactively?" (Citations omitted; emphasis in original; internal quotation marks omitted.) Andersen Consulting, LLP v. Gavin, 255 Conn. 498, 517,767 A.2d 692 (2001). As we can see, Public Act 99-231 § 1 did not clarify § 12-498, but rather added an exemption to it. In adding this exemption, the legislature made known its intention that the change was to be prospective by enacting § 7 of Public Act 99-231, which provided that the exemption would apply to transfers on or after October 1, 1999. As the commissioner points out, the conveyance tax is not a tax imposed upon Mandell Properties as the purchaser, but rather on the seller, the plaintiff. General Statutes § 12-495. Since the plaintiff CT Page 14829 in 1997, did not come within the exemption listed in § 12-498 (17), his conveyance to Mandell Properties was a taxable event if the value of the consideration was $2000 or more. We further agree with the commissioner that the language in General Statutes § 34-113 does not create an exemption from the conveyance tax. It is axiomatic that "statutes that provide exemptions from taxation are a matter of legislative grace that must be strictly construed against the taxpayer [and] any ambiguity in the statutory formulation of an exemption must be resolved against the taxpayer." (Citations omitted; internal quotation marks omitted.) Oxford Tire Supply, Inc. v. Commissioner of RevenueServices, 253 Conn. 683, 690, 775 A.2d 850 (2000). Where the legislature has provided for the enumeration of exemptions to be located in one particular statute, we will not judicially create new exemptions that may be inferred from language in another statute such as the plaintiff reads into § 34-113. Section 34-113 applies to limited liability companies, not to individuals such as the plaintiff.
Although the deed from the plaintiff to Mandell Properties is subject to the conveyance tax, we are faced with the situation in which the plaintiff has basically transferred title to the subject property to himself for, as he stated in his deed, no consideration, and yet the commissioner claims that the consideration is worth the fair market value of the property, or $5,620,000.
The issue in this case boils down to a determination of what was the consideration, if any, that passed between the plaintiff and Mandell Properties on September 24, 1997.
In looking at the consideration issue, we must examine the relationship between a single owner and a one member-owner limited liability company. There are three forms that a limited liability company can take: (1) a corporation, if the limited liability company has complied with prescribed election procedures; see DeAngeles v. Commissioner, supra, Superior Court, Docket No. 95 0551317; Bjurback v. Commissioner,44 Conn. Sup. 354, 690 A.2d 902 (1996); (2) a partnership, if the limited liability company has two or more members; see Tranfo v. Commissioner, Superior Court, Tax Session, judicial district of New Britain, Docket No. 98 0492506 (June 21, 2001); and (3) a "disregarded" entity, if the limited liability company consists of a single member and does not affirmatively elect treatment as a corporation. See26 C.F.R. § 301.7701-2 (business entities; definitions);26 C.F.R. § 301.7701-3 (classification of certain business entities).
Mandell Properties is not a partnership of two or more members and has not elected to be treated as a corporation. Mandell Properties, CT Page 14830 therefore, remains a "disregarded" entity for federal tax purposes. See26 C.F.R. § 301.7701-3 (b) (ii). For state tax purposes, the plaintiff claims that Public Act 97-70, which created the single person limited liability company, should be interpreted to follow the federal tax concept. Berkley v. Gavin, 253 Conn. 761, 774, 756 A.2d 248 (2000);Skaarup Shipping Corp. v. Commissioner, 199 Conn. 346, 351, 507 A.2d 988
(1986). In supporting the legislative proposal to create a single person limited liability company, Richard Convicer testified: "The IRS, in this regulation that I referred to in December, 1996, stated that single member entities will be disregarded unless the individual elects to be taxed as a corporation. So now the IRS has made clear that if state law permits a single member LLC, it will still grant favorable tax treatment to that single member by disregarding the LLC. That is the first evidence that the IRS has given to tell the tax paying public that there will be favorable tax treatment. Accordingly, we feel now that we ought to make the Connecticut statute more flexible in order to permit single person LLC's." Conn. Joint Standing Committee Hearings, Judiciary, Pt. 7, 1997 Sess, p. 2230. Representative Landino commented that this bill "allows a single person to form an LLC which is now consistent with recent IRS rulings." 40 H.R. Proc. Pt. 6, 1997 Sess., p. 2122. If Connecticut follows federal tax concepts, as we have determined that it does, it follows that Mandell Properties must be disregarded, for tax purposes, as an entity. If Mandell Properties is not an entity for tax purposes, then the transfer of title from the plaintiff to Mandell Properties was a non-event because, in effect, the plaintiff has transferred the subject property to himself as the sole beneficial owner of the limited liability company.
Our legislature has already recognized that where property owners partition their property no conveyance tax is due; General Statutes §12-498 (6); and deeds made pursuant to a corporate merger are exempt from the payment of a conveyance tax. General Statutes § 12-498 (8). This is so because there has been no change in the beneficial ownership of the property. Similarly, in the present case, the plaintiff owned the subject property before the transfer and still owns the subject property after the transfer to Mandell Properties. There has been no change in the beneficial ownership of the property as recognized in Public Act 97-70.
We have previously held in Tranfo v. Commissioner, supra, Superior Court, Docket No. 98 0492506, that a conveyance to a limited liability company was subject to a conveyance tax under § 12-494. In Tranfo, the plaintiff conveyed real estate from himself to a limited liability company in which he was not the sole member but rather a controlling member with a ninety nine percent ownership interest. The plaintiff inTranfo recited a consideration of $10 for the conveyance. In Tranfo, the Commissioner assessed a conveyance tax on the fair market value of the CT Page 14831 property transferred to the limited liability company. We held in Tranfo
that the consideration for the conveyance was not the ten dollars recited in the deed but rather the fair market value of the property conveyed. We distinguish the present case from Tranfo because in Tranfo, the plaintiff conveyed property to a limited liability company in which he was not the sole member owner. The Tranfo conveyance to a limited liability company occurred prior to the enactment Public Act 97-70 allowing the creation of a single member limited liability company. The "disregarded entity" concept that applies in the present action could not apply to Tranfo
since the limited liability company in Tranfo was not a single member limited liability company. Although we recognize that the ninety-nine percent ownership in Tranfo was close to full ownership, conceptuallyTranfo was akin to a two person partnership, not a single owner entity, as in the present action. In Tranfo, we stated that "[t]he obvious purpose of § 12-494 is to tax the actual value of the real estate transferred by the seller to the purchaser. The consideration cannot be arbitrarily determined by the seller but rather must be the actual value transferred." Id., p. 4.
This leads us to the issue of determining the value of the consideration paid by Mandell Properties to the plaintiff for the conveyance of the subject property.
We look to C J Builders Remodelers, LLC v. Geisenheimer,249 Conn. 415, 733 A.2d 193 (1999) for guidance in resolving this issue.C J Builders, a single member limited liability company, was a successor in interest to a sole proprietorship and sought to compel arbitration of a contract entered into by the sole proprietor, not the limited liability company formed after the making of the contract. The issue in C J Builders was "whether a limited liability company may assume, by operation of law, the interests and obligation of a sole proprietorship." Id., 419.
In analyzing the C J Builders case, the court noted the close relationship between statutes and the common law when discerning the "source of policy for common-law adjudication." C J Builders Remodelers, LLC v. Geisenheimer, supra, 249 Conn. 419. The court focused its "analysis on General Statutes § 34-200, the statute that governs the effect of the conversion of a general or a limited partnership to a limited liability company." Id., 420. The court noted the intent of the legislature, under § 34-200, to create a "seamless transition between the converting partnership and the converted limited liability company." Id., 422. Continuing its analysis of the relationship between a partnership and an LLC, the court in C J Builders concluded that there was "no reason to distinguish between the conversion of a sole proprietorship to a limited liability company and the conversion of a CT Page 14832 general partnership to a limited liability company." Id. The court went on to hold that a limited liability company was a continuation of the sole proprietorship in limited liability company form and that the plaintiff assumed, by operation of law, all of the rights and obligations of the of the sole proprietorship. Id. A sole proprietorship is a business owned by a an individual as contrasted with a partnership or a corporation. Herman v. Galvin, 40 F. Sup.2d 27, 29 (D.Mass. 1999).
Using the rationale of the court in C J Builders, we can discern no reason to distinguish between the conversion of an individual owner of commercial property to a single member limited liability company and the conversion of a sole proprietorship to a single member limited liability company. Under the concept of "disregarded" entity and the creation of a seamless transition of the rights and obligations from the plaintiff to Mandell Properties by operation of law, we see no change in the financial position of the plaintiff. For tax purposes, the plaintiff was the. owner of the subject property prior to his conveyance to Mandell Properties, and he is still the owner of the subject property in the form of a limited liability company. From a practical standpoint, the plaintiff owned the subject property before the conveyance and still owns the same property after the conveyance. We find that there was no consideration paid by Mandell Properties to the plaintiff for the transfer of the property at issue in this case.
Accordingly, the plaintiffs motion for summary judgment is granted. The commissioner's motion for summary judgment is denied. The plaintiffs appeal is sustained, without costs to either party.
Arnold W. Aronson Judge Trial Referee